In the Matter of MORRIS COOPER-SMITH, Petitioner, against GEORGE M. BRAGALINI et al., Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, July 24, 1957.

*Alexander A. Mayper* and *David Lazarus* for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Edward Siegfried* and *John R. Davison* of counsel), for respondents.

GIBSON, J.   This proceeding is brought to review a determination of the State Tax Commission denying petitioner's application for revision or refund of personal income taxes and unincorporated business taxes imposed pursuant to articles 16 and 16-A of the Tax Law.

Petitioner filed returns of personal income for the years 1934, 1935 and 1936. On March 25, 1938, additional income taxes were assessed for each of the years in question. On the same date unincorporated business taxes for the years 1935 and 1936 were also assessed, on the basis of the figures used to recompute petitioner's personal income tax liability, since he had not filed unincorporated business tax returns. On March 31, 1938, pursuant to section 374 of the Tax Law as then in force (L. 1936, ch. 267), petitioner applied for revision. On May 14, 1953 his application was denied and on January 25, 1955, pursuant to his demand, a series of formal hearings began and resulted in the determination here reviewed.

On the hearings, information not previously possessed by the commission came to light and on the basis, in part at least, of that new evidence it was determined that the amounts of net income subject to tax were substantially greater than those upon which the original assessments were based and it was held that petitioner was not entitled to any revision or refund. Petitioner does not dispute the accuracy of the computations but contends that the original assessment may not properly be based upon, or bolstered by, new evidence which the taxing authorities did not possess prior to the running of the three-year Statute of Limitations.

The relevant portion of section 373 of the Tax Law then in effect authorized the commission, if in its opinion any return was in any essential respect incorrect, to estimate the taxable income and to assess the tax accordingly, the section further providing that, except in the case of a willfully false or fraudulent return, the amount of the tax should be determined within three years after the return was made. The statute, both generally and insofar as it constitutes a time limitation, is concerned with the amount of the tax and not with the basis of its determination. Ordinarily, that is also the taxpayer's sole concern. The permission to " estimate " is necessarily and designedly inconsistent with any requirement of the precision upon which petitioner insists. Clearly, it was contemplated that proof would thereafter be developed unless, of course, the taxpayer should accept the estimate. " It is the evidence that should control ", as we said in *Matter of City Bank Farmers Trust Co.* v. *Graves* (259 App. Div. 68, 74, affd. 287 N. Y. 547), a case not entirely comparable to this though in some respects its converse. If, in evaluating the purpose and effect of the notice of assessment, we draw upon the analogy of a pleading (cf. *United States* v. *Memphis Cotton*

*Oil Co.,* 288 U. S. 62), or in this case, perhaps, that of a bill of particulars, such disparity therefrom as occurred in the proof did not change the essential nature of the claim and certainly could not reasonably be deemed prejudicial or a matter of surprise to the taxpayer whose own records formed the basis of the determination. Although unnecessary to our decision, it may be noted that as late as November 18, 1952, and previously in a letter of December 12, 1951, petitioner seems to have recognized that the factual basis of the assessment might properly be changed.

Unwarranted is petitioner's reliance upon *People ex rel. New York Trust Co.* v. *Graves* (265 App. Div. 94, 95) in which it was said that "good faith and fair dealing" forbade the introduction *before the Appellate Division* of a new factual issue after a concession upon the record of the hearing before the commission that the proceeding involved only a question of law. In *Brown* v. *New York State Tax Comm.* (199 Misc. 349, affd. 279 App. Div. 837, affd. 304 N. Y. 651) also cited by petitioner, it was held that the commission might not arbitrarily make an additional assessment against a taxpayer for the sole purpose of extending the three-year statutory period. Neither arbitrary action nor improper purpose was shown here.

We conclude that the basic tax liability, as determined, may properly be enforced.

Petitioner's second contention is that "the interest and penalties assessed by the tax commission are illegal, unconscionable and excessive ".

Pursuant to subdivision 3 of section 377, the commission added to the amounts of the income tax deficiencies 5% thereof and, in addition, interest at the rate of 1% per month until payment was made in 1952. In accordance with subdivision 2 of section 376 the unincorporated business tax in each case assessed was doubled, by reason of petitioner's failure to file returns, and the resulting amount increased by 1% per month until 1952, when payment was made. These various computations and additions were made subsequent to the notices of additional assessments dated March 25, 1938 and perhaps no earlier than 1951, when a warrant was issued. Such notices were three in number and upon identical forms. The first gave notice of additional income tax due for 1934. The second notified of additional income tax and of an unincorporated business tax due for 1935 and the third related to both income tax and unincorporated business tax for 1936. At the bottom of the form, in each case, appeared the printed legend: "If not paid within ten days from date hereof there shall be added

to the amount of this assessment 5% thereof, and in addition, interest at 1% per month for each month or fraction of a month from the date of this notice. See Tax Law, Sec. 377, Subdiv. 3.'' This warning correctly stated the penalties to be imposed for nonpayment, within the specified time, of a deficiency found upon a return made in good faith and arising without fault of the taxpayer and was apparently considered applicable to these income tax deficiencies. The penalties imposed with respect to the unincorporated business taxes, however, were those provided by subdivision 2 of section 376 as then constituted, for failure voluntarily to make a return. The warning did not refer to the penalty thereby imposed and whereby the tax was doubled, and, in the form drawn, would have been inappropriate in any event, since that penalty, unlike the others, had already been incurred, in each case at the time the unincorporated business tax return was due, long prior to the date of the notice of additional assessment.

The statute whereby these various penalties are prescribed makes no provision for warning or other notice thereof and the warning customarily given, although helpful and desirable, seems to us gratuitous and purposed to aid collection. Thus there was no necessity for specifying the penalties which might accrue (although that was done) or those which had already accrued. Petitioner was, of course, charged with knowledge of the statutory penalties, which were mandatory, and we find no indication that he, a tax consultant and accountant who practiced before the Treasury Department and upon the hearings herein acted in his own behalf, was in any way misled.

Neither do we find any waiver, as contended by petitioner, by reason of the supposed omissions, since no notice of the penalty was required. There is no claim of a formal waiver by the commission supported by '' a record of its reasons therefor '' as was then required. (Tax Law, § 379, subd. 2, as amd. by L. 1926, ch. 634.) Nor do we find that the accrual of the penalties was suspended from 1949 to 1952 or for any other period (pursuant to said subd. 2) by the commission's letter of May 23, 1949, upon reading in context the sentence: '' Until final adjustment is made for the period still under review and the entire file is returned to this office, the matter is being suspended.''

Petitioner contends, also, that the commission's failure to exercise its discretion to waive or reduce any part of the penalties (Tax Law, § 379, subd. 2) was arbitrary. The commission might well have considered that its contribution to the extraordinary delay which ensued in this case required some miti-

gation of the penalties which accrued at 1% per month but upon the entire record we are unable to say that its contrary determination was arbitrary or unreasonable. The conclusion here is inescapable that, indefensible as was the commission's inaction over long periods, petitioner was content with it, did nothing on his part to expedite a determination and, as a consultant and practitioner in tax matters and thus moving in a familiar field, chose to take the calculated risk of the imposition of the clearly prescribed penalties, as against the possibility of a successful defense of the claims, should they fail, in due course of time, to come to a natural death.

The determination should be confirmed, without costs.

Bergan, J. P., Coon and Halpern, JJ., concur.

Determination confirmed, without costs.