■ CALLANAN MARINE CORPORATION, Appellant, v JAMES H. TULLY, JR., Individually and as Commissioner of the Department of Taxation and Finance of the State of New York, Respondent.—Appeal from a resettled order of the Supreme Court at Special Term, entered November 28, 1978, which denied plaintiff's motion for summary judgment. Plaintiff commenced this declaratory judgment action to annul a certain assessment of sales and use taxes issued against it upon the ground that the assessment was "made without any factual basis or audit solely to extend the period of limitations and is wholly fictitious." On March 18, 1977, the New York State tax examiner requested the corporate treasurer of plaintiff's parent company to sign waivers extending the Statute of Limitations for the assessment of sales and use taxes for quarterly payments. The waivers were not signed and, on the same day, assessments in the same amounts were issued against plaintiff and three related corporations. It was stated on each notice of determination that the assessment was issued because the waiver to extend the period of limitations was not signed. After actions were begun for declaratory judgment, all of the assessments were canceled with the exception of the one against plaintiff. Plaintiff contends that the record conclusively establishes that the assessment has no factual basis and was issued with the sole purpose and intent of extending the period of limitation (see *Brown v New York State Tax Comm.*, 199 Misc 349, affd 279 App Div 837, affd 304 NY 651). However, we agree with Special Term that questions of fact exist as to the commission's intent and purpose in issuing the assessment and that, accordingly, summary judgment was properly denied. Defendant submitted proof that plaintiff does, in fact, owe sales tax and that its tax liability was estimated upon results of prior audits and assessments. Assessment has been compared to a pleading or bill of particulars (see *Matter of Cooper-Smith v Bragalini*, 4 AD2d 374, 376), and this court has upheld the tax commission's right to determine a tax due for one period based on data projected from an audit of a different period *(Matter of Markowitz v State Tax Comm.*, 54 AD2d 1023, affd 44 NY2d 684). Thus, sufficient evidence has been presented to establish that there are questions of fact to be settled in determining both whether defendant's sole purpose in issuing the assessment was to extend the period of limitation and whether this assessment was "wholly fictitious" as contended by plaintiff. Order affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.