COLLIER ADVERTISING SERVICE, Inc., v. CITY OF NEW YORK et al.

District Court, S. D. New York.
April 11, 1940.

Kaufman & Weitzner, of New York City (Samuel H. Kaufman, Emil Weitzner, and Howard W. Fensterstock, all of New York City, of counsel), for plaintiff.

William C. Chanler, Corp. Counsel, of New York City (Sol Charles Levine, Milton Sandberg, and Meyer Bernstein, all of New York City, of counsel), for defendants.

CLANCY, District Judge.

In this suit plaintiff seeks a declaration that it is under no legal duty and has no legal right to charge any tax to or collect any tax from purchasers making purchases of 12¢ each or less under the 2% Sales Tax Law enacted by the City of New York in 1934 and annually reenacted since or by the Rules and Regulations promulgated by the City Comptroller purportedly pursuant to that law and that it cannot be required to pay a tax to the City on the ground that both Law and Regulations violate the due process and equal protection clauses of the 14th Amendment and exceed the power conferred upon the City by the State Enabling Act, Chapter 873, Laws of 1934. Prayer for relief includes a prayer for an injunction against the collection of the tax from plaintiff vendor.

The defendant moves to dismiss the suit on the ground that the Court has no jurisdiction of the action under the terms of the Johnson Act, 28 U.S.C.A. § 41, subd. 1, which reads: "No district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

In August, 1934, there was enacted Chapter 873 of the Laws of that year, authorizing any City of the State, having a population in excess of one million inhabitants, through its local legislative body, to adopt local laws imposing any tax which the legislature had or would have power and authority to impose. The Municipal Assembly of New York City thereupon enacted Local Law No. 24 of 1934, p. 164,

published as No. 25, imposing a tax of 2% on the amount of receipts from the sale of tangible personal property within the City. We hold that the tax imposed by this law is imposed by or pursuant to the State Law. In John Hancock Mutual Life Insurance Co. v. Pink, 276 N.Y. 421, 12 N.E. 2d 529, it was held that taxes assessed and collected under the terms of Local Law No. 9 of 1934, which imposed certain taxes for carrying on a business in New York City and which, like the Sales Tax Law here involved, was adopted by the Municipal Assembly under the authorization of Chapter 873 of the Laws of 1934 were imposed by the Laws of the State.

We further believe that relief may be had in the State Courts which meets the prescription of a "plain, speedy, and efficient remedy." Art. 78, C.P.A., to which the Local Law confines the disappointed taxpayer, provides for a review in the nature of the old time certiorari proceeding; for a stay (§ 1299); for a raising of constitutional and jurisdictional questions (§ 1296, subds. 2, 3 & 5); for restitution and, in a proper case, for damages (§ 1300). If this relief be deemed in any way insufficient, the injured person may, in circumstances like those in which this plaintiff finds itself, have declaratory judgment. Dun & Bradstreet v. City of New York, 276 N.Y. 198, 11 N.E.2d 728; Socony-Vacuum Oil Co. v. City of New York, 272 N.Y. 668, 5 N.E.2d 385. It, therefore, seems plain that so far as this is an action for an injunction, the Court is forbidden by the Johnson Act to take jurisdiction.

The question remains whether or not the plea for declaratory judgment should be heard. The Federal Declaratory Judgment Statute, 28 U.S.C.A. § 400, makes it clear that the right to the declaration sought is entirely independent of the right to any further relief based on the declaration, which would include the injunction asked in this case. The question persists whether or not the ban of the Johnson Act includes suit for a declaration where injunction is an unnecessary relief. We think that the action for declaration is within the ban. The Johnson Act does not concern itself with any distinctions between causes of action or particular forms of relief. It denies jurisdiction to the District Court of suits to enjoin, suspend or restrain assessment and collection of State taxes. It would be disingenuous to deny that a declaration of the plaintiff's claimed rights in this action would secure any other result than to enjoin, suspend and restrain the operation of the Sales Tax Law upon its business. Any other holding would substantially nullify the Johnson Act. The declaration is an adjudication; not an abstraction. It was observed, in Socony-Vacuum Oil Co. v. City of New York, 247 App.Div. 163, 287 N.Y. S. 288, that a natural presumption expects public officials to respect the Court's declaration and to follow its interpretation of the law. Such voluntary submission averts the need of an injunction but accomplishes precisely the same result. We might reject jurisdiction in the exercise of our discretion. Zenie v. Miskind, D.C., 10 F. Supp. 779; American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613. But, we think a fair interpretation of the Johnson Act requires that the defendant's motion be granted as a matter of law.