**AMERICAN COMMUTERS ASSOCIA-TION, Inc., Luis A. Gallop, and Julian S. Herz, its co-chairmen, Deborah Christman by her father and guardian ad litem, the plaintiff Luis A. Gallop, Marian E. Herz, by her father and guardian ad litem, the plaintiff Julian S. Herz, William S. Diefenbach, Bert Silbert and Lewis Smith, Plaintiffs,**

v.

**Arthur LEVITT, Individually and as Comptroller of the State of New York et al., Defendants.**

No. 67 Civ. 2534.

United States District Court
S. D. New York.

Dec. 19, 1967.

substantially all, their income in New York State. The individual plaintiffs, including Luis A. Gallop and Julian S. Herz, co-chairmen of the Association, earn all, or substantially all, their income in New York State.

. In addition to the defendants named above, the other defendants are Arthur Levitt, individually and as Comptroller of the State of New York; Joseph M. Murphy, individually and as Commissioner of Taxation and Finance of the State of New York; James E. Allen, Jr., individually and as Commissioner of Education of the State of New York and as President of the University of the State of New York; the Chancellor and Vice Chancellor of the University of the State of New York; other officials of the State of New York; the members of the New York State Board of Regents; and the members of the New York State Board of Social Welfare.

Plaintiffs sue on their own behalf and on behalf of others similarly situated, seeking:

1) an injunction against enforcement by the defendants of provisions of the following statutes (the challenged statutes): New York Conservation Law, New York Education Law, New York Mental Hygiene Law, New York Private Housing Finance Law, New York Public Housing Law, New York Social Services Law (the challenged statutes conferring benefits), New York Tax Law and New York City Administrative Code;

2) a declaratory judgment that the provisions of the New York Tax Law, McKinney's Consol.Laws, c. 60, (§§ 631–637), imposing a State income tax on nonresidents, and the provisions of the New York City Administrative Code (§§ U46–1.0—U46–52.0), imposing a City income tax on nonresidents (the challenged statutes imposing taxes), are unconstitutional; and,

3) a declaratory judgment that provisions of the challenged statutes con-

Weisman, Celler, Allan, Spett & Sheinberg, New York City, for plaintiffs; O. John Rogge, Herbert R. Berk, Richard A. Osserman, Arthur Keller, of counsel.

Louis J. Lefkowitz, Atty. Gen. of State of New York, for defendant State Officers; Joel Lewittes, Mortimer Sattler, Asst. Attys. Gen., of counsel.

J. Lee Rankin, Corporation Counsel, New York City, for defendant Procaccino et al.; Samuel J. Warms, New York City, Gale Zareko, of counsel.

## OPINION

BONSAL, District Judge.

Plaintiffs move for an order pursuant to 28 U.S.C. §§ 2281 and 2284 convening a three-judge court, and defendants Mario A. Procaccino, individually and as Comptroller of the City of New York; Roy M. Goodman, individually and as Director of Finance of the City of New York; other officials of the City of New York; the members of the New York City Board of Higher Education; and the members of the New York City Board of Education, move for an order pursuant to Rule 12(b), F.R.Civ.P., dismissing plaintiffs' complaint.[1] Plaintiffs' motion is denied and defendants' motion to dismiss plaintiffs' complaint is granted.

Plaintiff, American Commuters Association, Inc. (the Association), is a New Jersey corporation with some 1800 members who are residents of New Jersey or Connecticut and who earn all, or

[1]. In an affidavit submitted in opposition to plaintiffs' motion for an order convening a three-judge court, the remaining defendants request the dismissal of plaintiffs' complaint.

ferring benefits [2] are unconstitutional. Plaintiffs contend that this court has jurisdiction under 28 U.S.C. § 1331(a) and § 1343(3) on the grounds that:

1) the matter in controversy exceeds $10,000 and arises under the Constitution of the United States; and,

2) defendants have deprived plaintiffs of their civil rights under color of State law and City ordinance in violation of 42 U.S.C. § 1983.

In their complaint, plaintiffs allege:

1) that the defendants Levitt, Murphy and members of the State Tax Commission collect from the plaintiffs and members of the Association the same amount in State income taxes as they collect from residents of New York;

2) that the defendants Procaccino, Goodman and other tax officials of New York City collect City income taxes from the plaintiffs and members of the Association under the New York City Administrative Code; and,

3) that the remaining defendants deny to plaintiffs, other members of the Association and other nonresident commuters most of the benefits which, under the challenged statutes conferring benefits, the State and City of New York provide with the money collected in taxes, and that during the five fiscal years, April 1, 1962 to March 31, 1967, the defendants and their predecessors, acting under color of State statutes, denied to plaintiffs and other nonresident commuters 75.92% of the benefits provided by the State of New York.

The complaint further alleges that the following benefits have been denied to plaintiffs by the defendants

1) As to plaintiff Deborah Christman whose father, the plaintiff Luis A. Gallop earns substantially all his income in New York State, admission and a scholarship to the University of the State of New York (the University), and a student loan for the purpose of attending college. The complaint alleges that plaintiff Deborah Christman was advised by agents of certain of the defendants, acting under New York Education Law §§ 601–a, subd. 2(c); 604, subd. 1; 651; 653, subd. 1; 6301, that since she was not a resident of New York State and had not been a resident for a year, she was not eligible for admission to or a scholarship at the University or for a student loan for the purpose of attending college;

2) As to plaintiff Marian E. Herz whose father, the plaintiff Julian S. Herz earns substantially all his income in New York State, admission to the Bronx High School of Science. The complaint alleges that since the plaintiff Marian E. Herz was not a resident of New York State,

2. The following are the sections containing the provisions of the challenged statutes conferring benefits:

New York Conservation Law, McKinney's Consol.Laws, c. 65: § 210(2) (a); § 211(4) (c), (d); § 220(2) and (3) (a), (b); § 272(1) and (7); § 273; § 302(3); § 316(1) and (2); § 320; § 321(4).

New York Education Law, McKinney's Consol.Laws, c. 16: § 235; § 246; § 247; § 249; § 601, subd. 3; § 601–a, subd. 2(c); § 602, subd. 2; § 604, subd. 1; § 608, subd. 1; § 609; § 610, subd. 1; § 610–a; § 611, subds. 1 and 2; § 612, subd. 1; § 612–a, subd. 1; § 613, subd. 1; § 625, subds. 1 and 2; § 627, subds. 1 and 2; § 650; § 651; § 653, subd. 1; § 701, subd. 3; § 703; § 912; § 1801, subd. 2(c); § 1807, subd. 1; § 1907; § 3202, subds. 1, 2 and 3; § 3203, subds. 1 and 2; § 5710, subds. 4 and 10; § 5715, subd. 6, par. b; § 6001; § 6007; § 6201; § 6202, subd. 1; § 6204; § 6301; § 6305, subds. 1 and 8.

New York Mental Hygiene Law, McKinney's Consol.Laws, c. 27: § 1; § 2, subd. 14; § 23, subd. 1; § 52; § 60; § 83; § 120; § 150.

New York Private Housing Finance Law, McKinney's Consol.Laws, c. 44B: § 10; § 11; § 41, subd. 1; § 200; § 201; § 570; § 571.

New York Public Housing Law, McKinney's Consol.Laws, c. 44A: § 1 and § 2.

New York Social Services Law, McKinney's Consol.Laws, c. 55: § 117, subd. 1; § 118; § 168, subd. 1; § 169; § 207, subd. 1; § 210, subds. 1, 2 and 3; § 283, subd. 1; § 285, subds. 1 and 2; § 300, subd. 1; § 302, subds. 1 and 2; § 343; § 349, subd. A, pars. 1 and 4; § 363; § 366, subd. 1(b).

she was denied admission by agents of certain of the defendants, acting under New York Education Law, § 3202, subds. 1, 2 and 3.

3) As to plaintiff William S. Diefenbach who earns substantially all his income in New York State, a fishing license for the same fee that a resident would be required to pay. The complaint alleges that since plaintiff Diefenbach was not a resident of New York State, the defendant Kilborne, New York State Conservation Commissioner, by his agent, acting under New York Conservation Law, § 220(2) and (3) (a), (b), required plaintiff to pay a fee of $5.50 for a fishing license whereas a resident would have been required to pay a fee of $3.25.

4) As to plaintiff Bert Silbert, who earned substantially all his income in New York State, the benefits of Welfare and Medicaid under the New York Social Services Law. The complaint alleges that since plaintiff Silbert had not been a resident of New York State for one year prior to his application for Welfare and Medicaid, certain of the defendants and their agents, acting under New York Social Services Law § 117, subd. 1, denied plaintiff the benefits of Welfare and Medicaid.

5) As to plaintiff Lewis Smith who earns substantially all his income in New York State, admission to tuition free evening classes at The City College. The complaint alleges that since plaintiff had not been a resident of New York State for a year, he was denied admission by agents of the members of the New York City Board of Higher Education, acting under New York Education Law, § 6301.

Plaintiffs contend that under the challenged statutes, defendants deprive plaintiffs of "Privileges and Immunities of Citizens in the several States" and deny them equal protection and due process of law in violation of Article IV, Section 2 of the United States Constitution and the Fourteenth Amendment. Plaintiffs'

principal argument is that while it is not necessary for a taxpayer to receive benefits in exact proportion to the amount of taxes he pays, the Constitution does require a degree of equivalence between taxes paid and benefits received, an equivalence that is lacking under the challenged statutes. Plaintiffs say that nonresident commuters, including some of the plaintiffs in this action, pay the same amount of income taxes as residents pay [3] but are denied all the benefits provided by New York State and City except for those benefits, such as fire and police protection, which are available to any visitor to New York who pays no income taxes. In addition, plaintiffs argue that provisions of the challenged statutes conferring benefits (see note 2, supra) which plaintiffs allege impose residence requirements, often of a year, are unconstitutional, citing recent decisions by three-judge courts in Harrell v. Tobriner, 279 F.Supp. 22 (D.D.C.1967); Thompson v. Shapiro, 270 F.Supp. 331 (D.Conn.1967); Green v. Dep't of Public Welfare, 270 F.Supp. 173 (D.Del.1967). Defendants deny that one year's residence is required for eligibility for Welfare and Medicaid (see New York Social Services Law §§ 158, 210, 349 and 366) and point out that plaintiffs allege no facts to indicate that plaintiff Silbert would have been eligible for Welfare or Medicaid had he met the residence requirements of the Social Services Law.

In deciding these motions, the court is limited to determining whether it has jurisdiction (see Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); National Council on Facts of Overpopulation v. Caplin, 224 F.Supp. 313 (D.D.C.1963), leave to file petition for writ of mandamus denied, 376 U.S. 948, 84 S.Ct. 976, 11 L.Ed.2d 977 (1964); cf. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Duncombe v. State of New York, 267 F.Supp. 103 (S.D.N.Y.1967); Christian v. United

---

**3.** Defendants deny that plaintiffs pay the same amounts as residents pay. Compare, for example, New York City Administrative Code § T 46–3.0 with § U46–2.0.

States, 235 F.Supp. 382 (S.D.Fla.1964)), and whether the complaint presents a substantial constitutional question.[4] See Green v. Board of Elections of City of New York, 380 F.2d 445 (2d Cir. 1967); Utica Mutual Insurance Co. v. Vincent, 375 F.2d 129 (2d Cir.), cert. denied, 389 U.S. 839, 88 S.Ct. 63, 19 L.Ed.2d 102 (Oct. 9, 1967); compare Kramer v. Union Free School District No. 15, 379 F.2d 491 (2d Cir. 1967).

■ To find jurisdiction, the complaint must present a justiciable controversy and plaintiffs must have standing. Lion Mfg. Corp. v. Kennedy, 117 U.S. App.D.C. 367, 330 F.2d 833 (1964); Protestants & Other Americans United For Separation of Church and State v. United States, 266 F.Supp. 473 (S.D.Ohio 1967); Bryan v. Federal Open Market Committee, 235 F.Supp. 877 (D.Mont.1964); McReynolds v. Christenberry, 233 F.Supp. 143 (S.D.N.Y.1964), cert. denied, 379 U.S. 972, 85 S.Ct. 657, 13 L.Ed.2d 564 (1965).

■ The court may not enjoin defendants from enforcing the challenged statutes imposing taxes. 28 U.S.C. § 1341 (the Johnson Act); see, e. g., Abernathy v. Carpenter, 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed.2d 409 (1963), aff'g per curiam, 208 F.Supp. 793, (W.D.Mo.1962); Gray v. Morgan, 251 F.Supp. 316 (W.D.Wis.), aff'd, 371 F.2d 172 (7th Cir. 1966), cert. denied, 386 U.S. 1033, 87 S.Ct. 1484, 18 L.Ed.2d 596 (1967). The Johnson Act provides that,

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

Nothing before the court indicates that the remedies in the State courts available to the plaintiffs are other than "plain, speedy and efficient."

Plaintiffs can challenge the New York State income tax under New York Tax Law, § 689 by filing a petition with the State Tax Commission (the Commission). If an adverse determination is made by the Commission, plaintiffs can seek judicial review (New York Tax Law, § 690), and if successful in the New York courts, plaintiffs can recover the taxes paid, with interest at 6% per annum. New York Tax Law, § 688. Plaintiffs can challenge the New York City income tax under similar provisions in the New York City Administrative Code. See Sections U46–39.0, U46–40.0 and U46–38.0. In addition, under New York law, plaintiffs can seek a declaratory judgment with respect to the constitutionality of the challenged statutes imposing taxes. New York Civil Practice Law & Rules § 3001; see Hudson Transit Lines, Inc. v. Bragalini, 11 Misc.2d 1094, 172 N.Y.S. 2d 423 (Sup.Ct.N.Y.Co.1958). Plaintiffs have not availed themselves of these remedies and have not sought relief in the State courts.

■■ Plaintiffs' only argument that available State remedies are not adequate is that under New York Civil Practice Law & Rules § 8501(a), defendants could require plaintiffs to post security for costs. This requirement does not make the available remedies other than "plain, speedy and efficient." Collier Advertising Service, Inc. v. City of New York, 32 F.Supp. 870 (S.D.N.Y.1940); see Abernathy v. Carpenter, supra; Wyandotte Chemicals Corp. v. City of Wyandotte, 321 F.2d 927 (6th Cir. 1963); Gray v. Morgan, supra. The Johnson Act not only prevents plaintiffs from obtaining an injunction but also prevents them from obtaining declaratory relief with respect to the constitutionality of the challenged statutes imposing taxes (Gray v. Morgan, supra; Collier Advertising Service, Inc. v. City of New York, supra), and the allegation that defend-

---

4. The constitutional question presented may be insubstantial either because it is obviously without merit or because it is clearly foreclosed by prior decisions of the Supreme Court. California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); see Green v. Board of Elections of City of New York, 380 F.2d 445 (2d Cir. 1967).

ants have deprived plaintiffs of their civil rights under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) does not make the Johnson Act inapplicable. Abernathy v. Carpenter, supra; Gray v. Morgan, supra.

▮ With respect to the challenged statutes conferring benefits, plaintiffs claim these statutes are unconstitutional because there is no equivalence between the taxes plaintiffs pay and the benefits they receive. This claim does not present a substantial constitutional question warranting consideration by a three-judge court. The State and City of New York have the power to impose a tax on income earned in the State and City. E. g., Shaffer v. Carter, 252 U.S. 37, 40 S.Ct. 221, 64 L.Ed. 445 (1920); State of Alaska v. Petronia, 418 P.2d 755 (Wash.Sup.Ct.1966), appeal dismissed for want of a substantial federal question, 389 U.S. 7, 88 S.Ct. 36, 19 L.Ed.2d 6 (1967). The controlling question as stated by the Supreme Court with respect to the constitutionality of a tax is whether the taxing authority has given anything for which it can ask a return. State of Wisconsin v. J. C. Penney Co., 311 U.S. 435, 61 S.Ct. 246, 85 L.Ed. 267 (1940).

▮ Plaintiffs, earning all or substantially all their income in New York, derive substantial benefits by reason of these earnings for which the State and City can properly ask a return. These benefits include a place to work, the commercial activity in the State and City (Alaska v. Petronia, supra, 418 P.2d 755, at 758–759), and general services such as transportation, fire and police protection. Clearly plaintiffs derive greater benefits than the visitor who does not work in or regularly commute to New York.

▮ Given the power to tax, the challenged statutes conferring benefits are not unconstitutional even if, as plaintiffs

allege, the benefits they receive are not equivalent to the taxes they pay.[5] Cf. Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 521–525, 57 S.Ct. 868, 81 L.Ed. 1245 (1937). As the court stated in Morton Salt Co. v. City of South Hutchinson, 177 F.2d 889, 892 (10th Cir. 1949):

> "When, * * * [a] tax is levied upon all the property for public use, such as schools, the support of the poor, for police and fire protection, for health and sanitation, for waterworks and the like, the tax need not, and in fact seldom does, bear a just relationship to the benefits received. Thus the property of a corporation may be taxed for the support of public schools, asylums, hospitals, and innumerable public purposes, although it is impossible for it to derive any benefits other than privileges which come from living in an organized community."

▮ Moreover, the challenged statutes conferring benefits are not unconstitutional because plaintiffs are denied benefits available to residents. Residents and nonresidents can be treated differently where there are valid reasons for doing so (see Toomer v. Witsell, 334 U.S. 385, 396, 68 S.Ct. 1156, 92 L.Ed. 1460 (1948)), and the privileges and immunities clause does not guarantee to nonresidents the right to attend schools in New York or to obtain scholarships, student loans or fishing licenses for noncommercial purposes for the same fee as that charged to residents. See, e. g., Slaughter House Cases, 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1873). As the Supreme Court stated in Blake v. McClung, 172 U.S. 239, 256, 19 S.Ct. 165, 172, 43 L.Ed. 432 (1898):

> "We must not be understood as saying that a citizen of one State is entitled to enjoy in another State *every* privilege that may be given in the latter to its own citizens. There are privileges that may be accorded by a

---

**5.** Plaintiffs have not attempted to raise in the New York courts the question of whether there is sufficient equivalence between the taxes they pay and the ben-

efits they receive, and they have made no showing that relief could not be sought in the State courts.

State to its own people in which citizens of other States may not participate except in conformity to such reasonable regulations as may be established by the State. * * * So, a State may, * * * require residence within its limits for a given time before a citizen of another State who becomes a resident thereof shall exercise the right of suffrage or become eligible to office. * * * The Constitution forbids only such legislation affecting citizens of the respective States as will substantially or practically put a citizen of one State in a condition of alienage when he is within or when he removes to another State, or when asserting in another State the rights that commonly appertain to those who are part of the political community known as the People of the United States, * * *."

█ The City and State of New York may limit to residents the right to attend their educational institutions, such as the Bronx High School of Science, The City College and the University, and the right to obtain scholarship aid. These educational institutions are supported by revenues obtained in major part from taxes imposed on residents. Cf., Toomer v. Witsell, supra, 334 U.S. at 398–399, 68 S.Ct. 1156. Plaintiffs do not argue that the State and City income taxes they pay equal the amount of all State and City taxes paid by residents (including property, sales and income taxes).

█ Plaintiffs do not raise a substantial constitutional question because a nonresident is charged a fee of $5.50 for a noncommercial fishing license (see New York Conservation Law, § 210(4)), while a resident is charged a fee of $3.25. No showing has been made that the difference in fee is not justified by added enforcement burdens and conservation programs supported by taxes paid by residents. See Toomer v. Witsell, supra, at 398–399, 68 S.Ct.

1156; Mullaney v. Anderson, 342 U.S. 415, 72 S.Ct. 428, 96 L.Ed. 458 (1952). Decisions such as Toomer v. Witsell, supra; Anderson v. Mullaney, 191 F. 2d 123, 13 Alaska 332 (9th Cir. 1951), aff'd, 342 U.S. 415, 72 S.Ct. 428, 96 L.Ed. 458 (1952); Brown v. Anderson, 202 F.Supp. 96 (D.Alaska 1962); and Russo v. Reed, 93 F.Supp. 554 (D.Me.1950) are distinguishable since they dealt with commercial fishing rights involving interstate commerce, not present here.

Plaintiffs, in challenging New York residence requirements generally, and in particular, the alleged one-year residence requirements for admission and a scholarship to the University, for admission to The City College and for Welfare and Medicaid, rely on Harrell v. Tobriner, supra; Thompson v. Shapiro, supra; and Green v. Dep't of Public Welfare, supra. These cases involved suits by *residents* challenging one-year residence requirements for eligibility for welfare benefits. Here the plaintiffs are *nonresidents*.

█ Assuming that New York does impose one-year residence requirements, as alleged,[6] and that because they were not residents of New York for one year, plaintiffs Deborah Christman, Smith and Silbert were denied the benefits they sought, plaintiffs lack standing to challenge the one-year residence requirements. The Constitution does not require New York to provide admission to its schools and to provide scholarships, Welfare and Medicaid benefits to nonresidents as well as residents. Since New York can constitutionally deny to nonresidents admission to its schools, scholarships, Welfare and Medicaid, plaintiffs who are nonresidents are not injured by one-year residence requirements, if they exist. "The touchstone to justiciability is injury to a legally protected right * * *." (Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 140–141, 71 S.Ct. 624, 632, 95 L.Ed. 817

6. Defendants deny that New York imposes a one-year residence requirement for eligibility for Welfare and Medicaid, and a reading of the New York Social Services Law indicates that only residence is required.

(1951)), and here plaintiffs suffer no injury to a legally protected right.

■ The controlling question with respect to plaintiffs' standing is whether they have "sustained or * * * [are] immediately in danger of sustaining some direct injury as a result of [a statute's] enforcement * * *." Com. of Massachusetts v. Mellon, 262 U.S. 447, 488, 43 S.Ct. 597, 601, 67 L.Ed. 1078 (1923), quoted in Cramp v. Board of Public Instruction, 368 U.S. 278, 282–283, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961). Since plaintiffs are not residents of New York and do not allege that they contemplate moving to New York, they suffer no direct injury or threat of injury by reason of one-year residence requirements. See Russo v. Reed, supra, 93 F. Supp. at 561. Moreover, this case does not involve First Amendment rights nor is it a case where it would be difficult for persons who are directly affected by one-year residence requirements to bring a suit challenging such requirements, a fact demonstrated by the cases cited by plaintiffs, viz., *Harrell, Thompson* and *Green*. Consequently, plaintiffs cannot assert the rights of others who are situated differently from themselves. Compare Dombrowski v. Pfister, 380 U.S. 479, 486–487, 85 S.Ct. 1116, 14 L. Ed.2d 22 (1965); Heilberg v. Fixa, 236 F.Supp. 405, 407 (N.D.Cal.1964), aff'd sub nom. Lamont v. Postmaster General, 381 U.S. 301, 85 S.Ct. 1493, 14 L.Ed. 2d 398 (1965).

Since the court may not enjoin enforcement of the challenged statutes imposing taxes, since the complaint does not present a substantial constitutional question, and since plaintiffs lack standing to challenge one-year residence requirements, if any, plaintiffs' motion for an order convening a three-judge court is denied and defendants' motion to dismiss plaintiffs' complaint is granted.[7] See Utica Mutual Insurance Co. v. Vincent,

supra, 375 F.2d at 130. With respect to plaintiffs' claim under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3), the complaint is dismissed for failure to state a claim upon which relief can be granted.

Settle order on notice.

---

7. Although plaintiffs do not base jurisdiction on diversity of citizenship, the allegations of the complaint indicate that there is diversity. The lack of a substantial constitutional question would warrant the dismissal of plaintiffs' complaint even if plaintiffs had sought to base jurisdiction on diversity of citizenship. See Utica Mutual Insurance Co. v. Vincent, supra, at 131 n. 1.