AMERICAN COMMUTERS ASSOCIA-
TION, Inc., et al., Appellants,

v.

Arthur LEVITT, individually and as
Comptroller of the State of New
York, et al., Appellees.

No. 478, Docket 32125.

United States Court of Appeals
Second Circuit.

Argued June 3, 1968.

Decided Jan. 3, 1969.

O. John Rogge, Herbert R. Berk, Richard A. Osserman, Arthur Keller, Weisman, Celler, Allan, Spett & Sheinberg, New York City, for appellants.

Joel Lewittes, Asst. Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen., of State of New York, New York City, for State appellees.

Samuel J. Warms, Gale Zareko, J. Lee Rankin, Corporation Counsel, New York City, for Municipal appellees.

Before WATERMAN, ANDERSON and FEINBERG, Circuit Judges.

WATERMAN, Circuit Judge:

The appellants here, the plaintiffs below, are certain individuals who are non-residents of New York but who allegedly commute during their respective work weeks from their homes to the City of New York where they are employed, and a New Jersey membership corporation of some 1800 members, all of whose members are New Jersey and Connecticut residents who in the course of their regular employment commute to and from New York during their work weeks. This action was commenced in the United States District Court for the Southern District of New York to enjoin enforcement against non-residents of the provisions of the New York Tax Law and the Administrative Code of the City of New York which impose earnings taxes on non-residents, and to declare those provisions unconstitutional as violative of the privileges and immunities of citizens guaranteed to citizens in the first sentence of Section 2 of Article IV of the U. S. Constitution, and to citizens and persons under the due process and equal protection clauses of Section 1 of the Fourteenth Amendment. In addition, or in the alternative, relying on those same constitutional provisions, appellants sought a declaratory judgment holding unconstitutional various provisions of the New York laws which afford services and benefits of one kind or another to individuals who reside in New York,[1] for

1. See the listing of the challenged statutes in 279 F.Supp. 40, at 44, fn. 2.

appellants claim they, tax-paying non-residents of New York, are discriminated against because of their unequal access to the services and the benefits available to New York residents.

Plaintiffs moved, pursuant to 28 U.S.C. §§ 2281 and 2284, to have a three judge district court convened. The several New York City officer-defendants moved to dismiss the complaint and the New York State officer-defendants in an opposition affidavit to plaintiffs' motion also requested the dismissal of the complaint.

Judge Bonsal below, in a studied and learned opinion, reported at 279 F.Supp. 40 (1967), denied the plaintiffs' motion to convene the statutory court and granted the motion to dismiss. We affirm and we find it quite unnecessary to detail again the respective allegations of the several plaintiffs, which allegations are well set forth by Judge Bonsal at 279 F.Supp. 43, 44, fn. 2, and 45.

■ The Second Circuit has held that a single district judge may dismiss a petition for a three-judge court for want of jurisdiction. Utica Mutual Insurance Company v. Vincent, 375 F.2d 129, 130–131, n. 1 (2 Cir.), cert. denied, 389 U.S. 839, 88 S.Ct. 63, 19 L.Ed.2d 102 (1967); Green v. Board of Elections of the City of New York, 380 F.2d 445 (2 Cir. 1967), cert. denied, 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840 (1968); Offerman v. Nitkowski, 378 F.2d 22 (2 Cir. 1967); Hall v. State of New York, 359 F.2d 26, 27 (2 Cir.), cert. denied, 385 U.S. 879, 87 S.Ct. 161, 17 L.Ed.2d 106 (1966).[2] Quoting from California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938), we stated in Green, supra at 448, that "The lack of substantiality in a federal question may ap-

pear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject," and therefore we held that the test to be applied by a single district judge as to whether to grant a petition for the convocation of a three judge district court is whether the claim of unconstitutionality has substantiality. Thus, if the district judge is of the belief that the petitioner's claim does not meet that test he may deny it without convoking a three judge court. In the instant case the district judge found that appellants' claims that the tax and the "benefit" statutes were unconstitutional were not substantial and did not meet the test. We agree with Judge Bonsal.

### I.

■ 28 U.S.C. § 1341 provides that: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the court of such State." Both the State and City of New York provide for remedies.[3] Nevertheless, appellants urge that 28 U.S.C. § 1341 does not preclude their cause of action because they seek relief under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983 from a deprivation of their civil rights, and because no "plain, speedy and efficient remedy" is available to them in the state courts. There is no merit in either of these arguments as Judge Bonsal has pointed out.

Appellants would have us hold that a plaintiff may avoid the prohibition contained in § 1341 by basing his complaint upon 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. The Seventh Circuit faced the same contention in Gray v. Morgan, 371

---

**2.** It is now settled law that a refusal by a single district court judge to convene a three judge court pursuant to 28 U.S.C. §§ 2281–2284 is reviewable by the court of appeals and is not directly reviewable by the Supreme Court. Schackman v. Arnebergh, 387 U.S. 427, 87 S.Ct. 1622, 18 L.Ed.2d 865 (1967); Idlewild Bon

Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962).

**3.** New York Tax Law McKinney's Consol. Laws, c. 60, §§ 680–690; Administrative Code of the City of New York, §§ U-46-36.0, 38.0-40.0.

F.2d 172 (1966), cert. denied, 386 U.S. 1033, 87 S.Ct. 1484, 18 L.Ed.2d 596 (1967) and concluded:

> Under the circumstances present here, we find nothing in the history or construction of the civil rights statute, § 1343, to indicate its concern with the validity of a state tax as a revenue measure.

Since that decision, however, the Supreme Court has handed down two brief per curiam opinions in Houghton v. Scranton, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968), and Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967), apparently expanding the scope of federal jurisdiction under §§ 1343 and 1983. These decisions were not available to Judge Bonsal when he prepared his opinion below and because of these late cases we treat this issue a bit exhaustively. It seems obvious that these two short per curiam opinions, though indeed purporting to enlarge federal jurisdiction, were not meant to expand federal jurisdiction in the area of state tax litigation to the point that appellants urge. Neither of these decisions involved taxes in any way. *Houghton* was a criminal matter, *Damico* involved California's welfare law; and, considering the special attention courts have always shown to tax matters even when constitutional rights are involved, e. g., Nelson v. City of New York, 352 U.S. 103, 77 S.Ct. 195, 1 L.Ed.2d 171 (1956), plus the unequivocal congressional statement set forth in § 1341, we conclude that when there are adequate state remedies available, § 1341 means what it so plainly says and that federal jurisdiction is still precluded by it.

■ The Court has on numerous occasions emphasized that a state court should first adjudicate the meaning and scope of a tax statute passed by its legislature, and that Supreme Court review of such a statute's constitutionality should be had only after an adjudication by the State's court of last resort. For example, in Matthews v. Rodgers, 284 U.S. 521, 525, 52 S.Ct. 217, 219, 76 L.Ed. 447 (1932) the Court said:

> Whenever the question has been presented, this Court has uniformly held that the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States. If the remedy at law is plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts, from which the complaint may be brought to this Court for review if any federal question be involved. . . .

And again in Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 300–301, 63 S.Ct. 1070, 1074, 87 L.Ed. 1407 (1943), the Court held at 300–301; at 1074 of 63 S.Ct.:

> * * * it is the court's duty to withhold such relief when, as in the present case, it appears that the state legislature has provided that on payment of any challenged tax to the appropriate state officer, the taxpayer may maintain a suit to recover it back. In such a suit he may assert his federal rights and secure a review of them by this Court. This affords an adequate remedy to the taxpayer, and at the same time leaves undisturbed the state's administration of its taxes.

Indeed, prior to the commencement of the present suit the Supreme Court had indirectly rejected appellants' present constitutional argument when it affirmed per curiam the decision of a three judge district court that had rejected a similar claim. Abernathy v. Carpenter, 208 F.Supp. 793 (W.D.Mo. 1962), aff'd per curiam, 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed.2d 409 (1963).[4]

---

4. Though we agree with the conclusion in *Abernathy*, we are not required to adopt or reject the position taken there by the three judge district court that 28 U.S.C. § 1343 does not apply to property rights. There is a split in the authorities as to the question. See, e.g., Joe Louis Milk Co. v. Hershey, 243 F.Supp. 351 (N.D. Ill.1965); Hoffman v. Wair, 193 F.Supp. 727 (D.Ore.1961); also compare Adams v. City of Park Ridge, 293 F.2d 585 (7 Cir. 1961) with Mayhue v. City of Plan-

■ Appellants' argument that there is no speedy and efficient remedy in the New York State courts is principally premised upon the ground that in order to bring suit in a state court plaintiffs would have to post security for costs. But the possible taxation of costs against a losing party is an ordinary attribute of litigation and this possibility does not make New York procedures obscure, slow, or inefficient. This feature was required by the 1934 New York City sales tax law which required sellers to collect the tax from purchasers and be liable for the taxes. In Collier Advertising Service v. City of New York, 32 F.Supp. 870 (SDNY 1940), it was held that the New York courts provided one aggrieved by the tax with state court relief meeting the § 1341 proscription. None of the state court infirmities mentioned in the cases cited by appellants are present in the New York procedures. For example, in United States and Olin Mathieson Chemical Corp. v. Department of Revenue of Illinois, 191 F.Supp. 723 (N.D. Ill.1961), affirmed, 371 U.S. 21, 83 S.Ct. 117, 9 L.Ed.2d 95 (1962) (per curiam), the taxpayer was required to post a bond to secure payment of the tax, not the cost of litigation; and the cost of that bond was not recoverable. In United States and E. I. du Pont de Nemours & Co. v. Livingston, 179 F.Supp. 9 (E.D.S.C. 1959), aff'd 364 U.S. 281, 80 S.Ct. 1611, 4 L.Ed.2d 1719 (1960), the state procedure did not provide for the payment of interest on refunds to the taxpayer.

Appellants also argue that the New York state procedures are inadequate to serve their purposes because the relief they seek may be obtained only in the federal courts; they want nothing less than to have a statutory three judge district court lay down the guidelines between taxes imposed and the benefits received in order for a state tax structure to pass safely by the due process and equality provisions of the federal constitution. This argument does not relate to whether the State's taxes are constitutionally valid, but relate to the distribution of benefits which is discussed *infra*. Thus the lack of the guidelines sought would not be a ground for giving the district court the right to review New York's tax statutes that would otherwise be barred by § 1341, though it might provide a ground for reviewing New York's "benefit" statutes.

## II.

■ Even were this court to hold that § 1341 did not bar federal jurisdiction here, the tax provisions, unless "invalidated" by the benefit statutes, are clearly valid on the merits. As early as 1920 the Supreme Court held that an income tax similar to that imposed on residents may be imposed on the income of nonresidents earned inside the taxing state. Shaffer v. Carter, 252 U.S. 37, 40 S.Ct. 221, 64 L.Ed. 445 (1920), cited approvingly in Travis v. Yale & Towne Mfg. Co., 252 U.S. 60, 75, 40 S.Ct. 228, 230, 64 L.Ed. 460 (1920): "That the state of New York has jurisdiction to impose [an income tax] * * * upon the incomes of nonresidents arising from any business, trade, profession, or occupation carried on within its borders * * *; and that such a tax * * * does not violate the due process of law provision of the Fourteenth Amendment, is settled by our decision in Shaffer v. Carter, this day announced * * *." Cf. Wisconsin v. J. C. Penney, 311 U.S. 435, 61 S.Ct. 246, 85 L.Ed. 267, 130 A.L.R. 1229 (1940).

## III.

■ Appellants also present the novel issue that there should be an undiscriminatory interrelationship between taxes and benefits, and if the challenged tax statutes are valid the appellants should be entitled to receive New York's statutory benefits commensurate with New York residents' entitlement to them. Appellants point out that subject to applicable

---

tation, Florida, 375 F.2d 447 (5 Cir. 1967). As we need not rely on *Abernathy* for our holding here that there is no fed-

eral district court jurisdiction under 28 U.S.C. § 1343 in this case we do not reach the *Abernathy* issue.

threshold eligibility requirements, New York residents may enjoy reduced tuition costs at the state universities, may have the right to attend Bronx High School of Science, and may receive New York State Medicaid payments; that residents pay less for licenses to fish in New York State waters than non-residents pay; and that the tuition free classes of the City College of New York are not open to non-residents. In disposing of this novel issue the court below correctly concluded that no substantial issue under the federal constitution was raised by this claim of alleged unequal discrimination.

Doubtless appellants' argument has a simple kind of logic, *viz.*: In a situation where non-residents have an identical tax burden with residents, a court could be importuned to order that all who pay the taxes necessary to support state programs should share equally in whatever benefits those programs provide. But such an argument greatly oversimplifies a very complex matter. Residents and non-residents do not have here identical tax burdens. To be sure, New York State and New York City impose income taxes, but they also impose sales and property taxes, and these fall more heavily on those living in the state than on non-residents. Further, New York's challenged income taxes do not reach income earned outside the state by non-residents. Finally, at least for New York City's tax, the rates are not as high for non-residents of the City as for residents. Therefore, we agree with the court below that appellants are not entitled to benefits equal to those of New York residents.

Similarly, we reach the same conclusion in disposing of the argument that appellants are each entitled to a proportionate share of these benefits, presumably computable by recourse to some per centum formula. The mere statement of the problem demonstrates that it would be administratively infeasible and, quite likely, impossible, to determine what a fair share of New York's largesse would be for every one of the commuting non-residents. It must be remembered that these plaintiffs have admitted that they receive earned income in New York and already receive the substantial benefit of being able to do business there, a benefit valuable enough to them so that they suffer the ills of commuting in order to obtain it. While so doing business and acquiring personal income thereby, state and city furnish the non-resident commuting worker all the general services furnished residents, such as police and fire protection. The test controlling this case is the test laid down by the Supreme Court in Wisconsin v. J. C. Penney, supra, where the Court said: "the simple but controlling question is whether the state [or City] has given anything for which it can ask return." 311 U.S. at 444, 61 S.Ct. at 250. It is unnecessary further to point out that this test has been adequately met. Therefore, we conclude that in their complaint appellants have not raised a substantial constitutional issue that they are being unconstitutionally denied certain benefits available to certain residents of the State and City of New York. The district court properly dismissed their complaint for failure to state a claim upon which relief could be granted.

The order below is affirmed.