Emily **KING**, **Constant Stashio**, **Mario Stashio and Owen Hollander, Individually and on behalf of all other persons similarly situated, Plaintiffs,**

v.

Honorable **Edward T. McCAFFREY, Justice of the New York Supreme Court, Louis J. Lefkowitz, Attorney General of the State of New York, Louis Evangelista Canz Enterprises, Inc., and 245 East 39th Street, Inc., Individually and on behalf of all other persons similarly situated, Defendants.**

**No. 70 Civ. 1894.**

United States District Court, S. D. New York.

June 5, 1970.

suant to 28 U.S.C. §§ 2281, 2284 to declare unconstitutional New York Civil Practice Law and Rules § 6312(b); 2) leave to maintain this action as a class action pursuant to Rule 23, Fed.R.Civ. P.

Section 6312(b) requires the posting of an undertaking "prior to the granting of a preliminary injunction." Plaintiffs' grievance, in brief, is that they have been denied this important equitable relief solely because they are too poor to be able to afford the required undertaking, and have, therefore, been denied equal access to the courts of New York with those who are wealthier. This discrimination on the basis of financial status is claimed to violate the equal protection clause of the Fourteenth Amendment to the United States Constitution. The class plaintiffs hope to represent "consists of all members of the public who would be entitled to preliminary injunctive relief in the courts of the State of New York but for their inability to post the undertaking mandated by CPLR § 6312(b)." Pl. Brief at 1.

The court finds that plaintiffs lack the necessary standing to raise the question of the unconstitutionality of § 6312(b), and therefore dismisses the petition for a three-judge court for want of jurisdiction. *See* American Commuters Association, Inc. v. Levitt, 405 F.2d 1148 (2d Cir. 1969); Flast v. Gardner, 267 F.Supp. 351 (S.D.N.Y. 1967). Upon the record before the court at this time, it is far from clear that any of these plaintiffs has "a personal stake in the outcome of the controversy." Flast v. Cohen, 392 U.S. 83, 101, 88 S.Ct. 1942, 1953, 20 L.Ed.2d 947 (1968), quoting from Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). To the contrary, the record discloses that plaintiffs' attack on the statute in question is of "a hypothetical or abstract character," and that, consequently, this case represents one of those "ill-defined controver-

---

Mobilization for Youth Legal Services, Jeffrey G. Stark, New York City, of counsel, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen. State of New York, by Mortimer Sattler, Asst. Atty. Gen., New York City, for defendants, Lefkowitz and McCaffrey.

## MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

Plaintiffs Emily King, Constant Stashio, and Maria Stashio[1] seek: 1) an order convening a three-judge court pur-

---

1. Upon the hearing of these motions, this action was voluntarily discontinued as to plaintiff Hollander.

sies over constitutional issues" which federal courts ought not to be asked to decide. Flast v. Cohen, *supra*, 392 U.S. at 100, 88 S.Ct. 1952, citing respectively, Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937); United Public Workers v. Mitchell, 330 U.S. 75, 90, 67 S.Ct. 556, 91 L.Ed. 754 (1947).

Plaintiffs are tenants of two of the three remaining occupied apartments in 131 West 80th Street, New York City, a building being subjected to great structural and interior changes around them. The complaint alleges that the building is "presently undergoing substantial demolition." A motion for a temporary injunction to halt such activity on the part of the building owner was denied on February 19, 1970 by Justice Nadel, Stashio v. Evangelista, No. 1752/70, (New York Supreme Court, Special Term Part I), with leave to renew in the event defendants did not consent to an immediate trial. At that time Justice Nadel found that "[t]he papers presented by the opposing parties [were] sharply in conflict thus precluding a determination in the absence of a plenary hearing."

Defendants in the state action did not consent to immediate trial, and a motion for a preliminary injunction was made before Justice McCaffrey, a defendant here. He denied that motion on April 2, 1970 in an opinion which forms the basis of the present controversy. That opinion reads in pertinent part as follows:

* * * Work is being done under a [B]uilding [Department] permit. Undoubtedly, inconvenience must ensue. * * * It does not clearly appear that defendants are harassing or whether there is harassment on both sides. [Following the making of this second motion] a harassment proceeding was terminated by the [Department of [R]ent and [H]ousing [M]aintenance upon a finding of appropriate action having been taken on orders issued Oct. 10 and Oct. 15, 1969. *In addition, plaintiffs are unable to post security and request that they be relieved therefrom. An undertaking must be furnished if temporary injunction is to be granted. An early trial may not be granted unless injunctive relief is granted. Upon the basis of this submission, the relief is not warranted.*

The motion is denied.

Stashio v. Evangelista (N.Y. Law Journal, April 6, 1970 at 17). (Emphasis added).

It is obvious that Justice McCaffrey's reliance on the absence of an undertaking (if reliance there was) in denying the request for a preliminary injunction was, at best, secondary: the words "[i]n addition" preceding such discussion in his opinion make it clear that if anything it was an alternative holding. Furthermore, Justice McCaffrey did not hold that plaintiffs were *prohibited* from being relieved from the undertaking: he merely held that such "relief is not warranted" on the basis of the submission before him.

More importantly, however, that submission failed to establish plaintiff's right to injunctive relief in the first instance, in Justice McCaffrey's view. He evidently shared Justice Nadel's opinion that the factual situation was a confused one and that plaintiffs had failed to establish their likelihood of success on the merits at trial. That being so, plaintiffs failed to convince either Justice that there was even a situation in which an undertaking would be required.

Thus, plaintiffs have not established that they are in fact being, or in danger of being, injured by the statute, § 6312(b), alleged to be unconstitutional. They are not being threatened by that statute at all, since it has not been applied to the facts which they have submitted in the State courts. Accordingly, plaintiffs lack standing to raise the issue of the unconstitutionality of the statute in this Court. The petition to

convene a three-judge court is denied for lack of jurisdiction as well as the motion to maintain this action as a class action.

So ordered.