Charles A. HICKMANN and Phyllis C. Hickmann, Plaintiffs,

v.

Gregory WUJICK, as Assessor of the Town of Huntington, New York, Defendant.

No. 71 C 1025.

United States District Court, E. D. New York.

Nov. 15, 1971.

Charles A. Hickmann, Huntington, N. Y., for plaintiffs.

Nicholas LaCarrubba, Town Atty., Town of Huntington, Northport, N. Y., by Frank J. Mack, Huntington, N. Y., of counsel, for defendant.

## MEMORANDUM OF DECISION

NEAHER, District Judge.

Plaintiffs commenced this civil action pursuant to 28 U.S.C. § 1343, seeking a declaratory judgment, damages and injunctive relief to redress claimed deprivation, under color of New York State law, of rights secured by the United States Constitution, more particularly their prior right as parents to control the education of their children. The sole defendant named in plaintiffs' complaint is the Assessor of the Town of Huntington, Suffolk County, New York, where plaintiffs reside and pay real property taxes on the basis of an assessment roll prepared by defendant as required by State law.

Plaintiffs have moved for a preliminary injunction enjoining defendant from "denying [them] a $200.00 tax credit against the school property taxes they will be required to pay for the 1971–72 tax year * * *." They claim, in substance, that this tax relief is needed to enable them to pay the tuition charged by the non-public school their children attend. After hearing oral argument and careful consideration of the pleadings, affidavits and briefs submitted, plaintiffs' motion is denied and their complaint is dismissed *sua sponte,* since the court lacks jurisdiction to enjoin the assessment, levy or collection of taxes imposed under State law.[1]

The connection between plaintiffs' asserted deprivation of their constitutional rights as parents and the action (or inaction) of the defendant tax assessor emerges from their complaint, affidavit and brief as follows:

(1) Plaintiffs, as owners of residential real property in the Town of Huntington, are admittedly subject to annual assessment for purposes of taxation pursuant to the Real Property Tax Law of the State of New York[2] and the Suffolk County Tax Act enacted thereunder.[3] A substantial portion of the real property taxes they pay is used for the support of public schools in the Town and their school tax levy has increased each year. In 1957–58 it amounted to $500.74; by 1970–71 it had increased to $1557.35; and in 1971–72 it will increase again to $1698.85.

(2) Plaintiffs are the parents of four children of school age who do not attend the public schools. Instead, plaintiffs, exercising their constitutional right, have chosen to educate their children in a non-public church-affiliated school. For the 1970–71 school year plaintiffs were required to pay an increased tuition of $150 to the non-public school, and for the 1971–72 school year the tuition has been increased to $200.

1. Plaintiffs did not seek an evidentiary hearing and none seems necessary. Oral argument confirmed that the material facts are simple and not genuinely in dispute, the critical question being one of this court's jurisdiction. Cf. Weiss v. Walsh, 2 Cir., No. 43,237, Sept. Term 1971 Sl. op. 239, decided Oct. 29, 1971.

2. N.Y.Laws 1958, ch. 959, which subjects "All real property within the state * * * to real property taxation * * * unless exempt therefrom by law." McKinney's Real Property Tax Law, § 300.

3. N.Y.Laws 1920, ch. 311, entitled "An act in relation to the assessment and collection of taxes in Suffolk county * * *."

(3) In the apparent belief that these tuition payments should entitle them to a corresponding reduction of their real property tax for school purposes, plaintiffs filed claims with the defendant assessor demanding credits of $150 and $200, respectively, against their 1970–71 and 1971–72 school tax levies. The credits have not been granted, plaintiffs protested defendant's inaction and subsequently brought this suit.

(4) Plaintiffs' complaint sums up their grievance against defendant in these terms:

"8. The defendant official's act denying the plaintiffs a credit against the school property taxes they were required to pay in the 1970–71 school year, and will be required to pay in the 1971–72 school year, for the tuition they were required to pay, and will be required to pay, for exercising their prior constitutional right to control the education of their children by sending them to a non-public school in compliance with the compulsory education law of New York State prohibits the free exercise of religion by the plaintiffs, deprives the plaintiffs of liberty without due process of law, denies to the plaintiffs the prior right to control the education of their children, abridges the privileges of the plaintiffs, and denies to the plaintiffs equal protection of the law."

■ Defendant's answer to the complaint admits certain allegations and denies others, and pleads a number of defenses, including (1) the court's lack of jurisdiction of the subject matter, (2) the prohibition in 28 U.S.C. § 1341 against a district court of the United States enjoining, suspending or restraining the assessment, levy or collection of any tax under State law, and (3) defendant's lack of power or authority to afford plaintiffs the relief they seek.[4]

Plaintiffs' constitutional claim, involving real property taxes assessed under State law, and their motion for a preliminary injunction necessarily raise a threshold question of the jurisdiction of this court. American Commuters Association v. Levitt, 279 F.Supp. 40, 45 (S.D.N.Y.1967), aff'd 405 F.2d 1148 (2 Cir. 1969). "There are two possible grounds for federal jurisdiction. One is the 'federal question' jurisdiction contained in 28 U.S.C.A., § 1331. The other possible ground for jurisdiction is the 'civil rights' provision contained in 28 U.S.C.A. § 1343(3)." Abernathy v. Carpenter, 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed.2d 409 (1963), aff'g per curiam, 208 F.Supp. 793, 794 (W.D.Mo.1962).

■■ Plaintiffs' claim does not meet the requirements of either jurisdictional ground. They do not and could not bring this action under 28 U.S.C. § 1331 because the tax credit in controversy, totaling $350, falls far short of the minimum jurisdictional sum or value of $10,000 specified in that statute. Nor can this action be maintained in this court under 28 U.S.C. § 1343, upon which plaintiffs expressly rely, because 28 U.S.C. § 1341 plainly precludes the ultimate relief plaintiffs seek.

■ Plaintiffs undoubtedly have the right to direct the upbringing and education of their children by having them attend a non-public religious school. And that right is certainly protected by the Constitution from State abridgement, as recognized in Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925).[5] Indeed, plaintiffs allege they are now exercising that right. But

---

4. Additionally, defendant contends on brief that injunctive relief is precluded because of plaintiffs' failure to request a three-judge court under 28 U.S.C. § 2281, but did not move to dismiss the complaint. It is clear, however, that if the district judge is of the belief that jurisdiction to grant relief is lacking a three-judge court is unnecessary and he may dismiss the

action. American Commuters Association v. Levitt, 405 F.2d 1148 (2 Cir. 1969), aff'g 279 F.Supp. 40 (S.D.N.Y.1967); Liquori v. United States, 246 F.Supp. 530, 533 (E.D.N.Y.1965).

5. "The fundamental theory of liberty upon which all governments in this Union repose excludes any general power of the state to standardize its children by forcing

when they attempt to enlarge constitutional protection to include a right to a tax credit or exemption not provided by State law, their claim is beyond the jurisdiction of this court. Assuming it to be true, as plaintiffs assert, that without a tax credit they will not have "sufficient funds to pay the $200.00 tuition required to send their children to the same non-public school this school year as they attended the last school year," presumably leaving no alternative but the public schools, plaintiffs cannot look to this court for a remedy under 28 U.S.C. § 1343.[6]

■ Passing the question whether plaintiffs' constitutional claim is one dependent for its existence upon infringement of property rights, to which section 1343 may not apply (cf. Hague v. C. I. O., 307 U.S. 496 at 531, 59 S.Ct. 954, 83 L. Ed. 1423, and American Commuters Association v. Levitt, *supra*, 405 F.2d at 1154, fn. 4), the State tax aspect clearly removes the case from this court's jurisdiction. In language that could hardly

them to accept instruction from public teachers only. The child is not the mere creature of the state; those who nurture him and direct his destiny have the right, coupled with the high duty, to recognize and prepare him for additional obligations." 268 U.S. at 535, 45 S.Ct. at 573.

6. Indeed, they may have no remedy. In Brusca v. State of Missouri, U.S.D.C., E.D.Mo., Eastern Div., 332 F.Supp. 275, decided September 28, 1971 by a three-judge court, reported in 40 U.S.Law Week 2191, parent-plaintiffs of parochial school children claimed that Missouri's Constitution and implementing laws "prevent or at least seriously impair the free exercise by plaintiffs of their religion and * * * deny them the equal protection of the laws unless and until defendants [state officials] take steps to subsidize with tax funds the religious schools to which the parent-plaintiffs wish to send their children." The action was dismissed, the court stating that "a parent's right to choose a religious private school for his children may not be equated with a right to insist that the state is compelled to finance his child's non-public school education in whole or in part in

be more explicit Congress has declared in 28 U.S.C. § 1341 that:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

■ In *American Commuters Association, supra,* the Court of Appeals for this Circuit found no merit in the argument—also advanced by plaintiffs here—that § 1341 cannot bar a cause of action asserted under § 1343 for alleged deprivation of constitutionally-protected civil rights. There, as here, the plaintiffs' claim related to taxes imposed under State and local laws. In rejecting the argument, the court said:

" * * * considering the special attention courts have always shown to tax matters even when constitutional rights are involved, e. g., Nelson v. City of New York, 352 U.S. 103, 77 S. Ct. 195, 1 L.Ed.2d 171 (1956), plus the unequivocal congressional statement set forth in § 1341, we conclude that

order that he may obtain a religious education."

Although State tax exemptions have been upheld for religious purposes, Walz v. Tax Commission of the City of New York, 397 U.S. 664, 90 S.Ct. 1409, 25 L.Ed.2d 697 (1970), recent State legislative efforts to extend financial aid to church-affiliated schools have encountered constitutional obstacles. Cf. Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971).

While Serrano v. Priest, Supreme Court of California, 96 Cal.Rptr. 601, 487 P.2d 1241, decided Aug. 30, 1971, 40 U.S.Law Week 2128, cited by plaintiffs here, holds that substantial dependence on local property taxes may deny school children equal protection of the laws, "because it produces substantial disparities among school districts in the amount of revenue available for education", the education referred to is public school education. Although *Serrano* endorses Horace Mann's "absolute right" concept of education and "the correlative duty of every government to see that the means of that education are provided for all", no court has yet held that these means must be provided equally to *all* children regardless of the school attended, public or private.

when there are adequate state remedies available, § 1341 means what it so plainly says and that federal jurisdiction is still precluded by it." (405 F. 2d at 1151)

Plaintiffs cannot distinguish this case by denying any constitutional challenge to the State tax law as such and contending their suit is "against the defendant individually to enjoin unconstitutional action" by him under color of law. In asking the court to order defendant not to deny them a tax credit as they demand, plaintiffs obviously are seeking to have this court interfere by injunction with the *full* assessment of their property tax liability by defendant and ultimate collection thereof as commanded by State law. Their complaint, moreover, discloses that defendant is sued in his official capacity for enforcing the State law according to its terms and not as plaintiffs would have him vary it.[7]

Unquestionably 28 U.S.C. § 1341 applies to this action and precludes jurisdiction over it. The Real Property Tax Law of the State of New York, Chapter 959 of the Laws of 1958, subjects all real property in the State to taxation by counties, cities, towns, villages or school districts for municipal or school district purposes. The Suffolk County Tax Act was enacted by the State legislature to enable the taxing of real property in Suffolk County in accordance with the needs of its several Town governments, villages and separate school districts. See Collier Advertising Service, Inc. v. City of New York, et al., 32 F.Supp. 870 (S.D. N.Y.1940).

Contrary to plaintiffs' contention, New York State law provides them with adequate remedies which meet the requirements of 28 U.S.C. § 1341. Plaintiffs may seek judicial review of their assessment under section 700 of the Real Property Tax Law. They may appeal an adverse determination as from an order of the Supreme Court, which shall be heard and determined in like manner as appeals from such orders. Real Property Tax Law, § 724. That the remedy is expeditious is shown by § 700(3), which grants such proceedings and appeals a preference over all other civil actions and proceedings in all courts.

In addition, it has been held that "an action for a declaratory judgment may be maintained, despite * * * provisions of a taxing statute * * * that the method of judicial review prescribed therein shall be exclusive, where the jurisdiction of the taxing authorities is challenged on the ground that the statute is unconstitutional or that the statute by its own terms does not apply in a given case." Hudson Transit Lines, Inc. v. Bragalini, 11 Misc.2d 1094, 172 N.Y. S.2d 423 (1958); see also Dun & Bradstreet, Inc. v. City of New York, 276 N.Y. 198, 11 N.E.2d 728; Richfield Oil Corp. v. City of Syracuse, 287 N.Y. 234, 39 N.E. 219 (1942); All American Bus Lines, Inc. v. City of New York, 268 App.Div. 508, 52 N.Y.S.2d 689, aff'd 296 N.Y. 571, 68 N.E.2d 869 (1944).

■ 28 U.S.C. sec. 1341 also prevents plaintiffs from obtaining a declaratory judgment in this court with respect to

---

7. Plaintiffs apparently believe defendant has inherent authority to grant them a tax credit, since they urge, "By the statutory scheme of the New York Real Property Tax Law, the defendant, who *statutorily* must grant veterans exemptions, old-age exemptions, and other partial or complete exemptions from real property taxes, is the only necessary party defendant in this action" (emphasis supplied). If so, they are mistaken. As defendant points out, his authority and duties as a town assessor are distinctly spelled out by statute (Suffolk County Tax Act, Chapter 311, Laws of 1920, Art. I, §§ 1–7 incl.). Assessors merely prepare a list of taxable property each year, making all necessary valuations and apportionments, and file and certify the completed assessment roll as required by law. Assessors neither bill, collect nor receive taxes, those functions being performed by other officials, e. g., supervisor of the town, receiver of taxes of the town and county treasurer. Under Art. 16, § 1 of the New York Constitution, "Exemptions from taxation may be granted only by general laws." Plaintiffs point to no statute providing for the tax credit or exemption they seek and in fact there is none.

the constitutionality of the tax assessment of their real property under State law. Gray v. Morgan, 251 F.Supp. 316 (W.D.Wis.), aff'd 371 F.2d 172 (7 Cir. 1966), cert. denied 386 U.S. 1033, 87 S.Ct. 1484, 18 L.Ed.2d 596 (1967); Collier Advertising Service, Inc. v. The City of New York, *supra.* The Court of Appeals for this Circuit, in American Commuters Association v. Levitt, *supra,* pointed out that the Supreme Court itself

" * * * has on numerous occasions emphasized that a state court should first adjudicate the meaning and scope of a tax statute passed by its legislature, and that Supreme Court review of such a statute's constitutionality should be had only after an adjudication by the State's court of last resort." 405 F.2d at 1151.

Since the court is without jurisdiction to enjoin defendant's assessment of taxes against plaintiffs' real property as provided by State law or to adjudicate the subject matter by declaratory judgment, plaintiffs' motion for a preliminary injunction is denied and the complaint is dismissed for lack of jurisdiction over the subject matter.

Settle order on notice.