LOUISE VERGNES STEVENS, Respondent, *v.* HUGH O'NEILL, Appellant.

APPEAL — POINTS OF COUNSEL — EXTENDED QUOTATIONS FROM EVIDENCE AND AUTHORITIES. The practice of counsel in cases pending before the Court of Appeals, of incorporating in the points, extended quotations from the evidence and authorities, particularly in a case of unanimous affirmance, is to be deprecated, and in order to relieve that court from the necessity of making an inflexible rule, with an appropriate penalty for its violation, the following suggestions are made: Under Rule 8, the points, after stating the facts fairly, should set forth the facts insisted upon by counsel, the heads of the argument and the authorities relied upon to support it. Only those facts should be mentioned which are either specifically found or are presumed to have been found according to the rules governing appeals to that court; except, *first*, where there is a reversal by the court below; *second*, when there is an affirmance, but it is not unanimous, and it is claimed that there is no evidence whatever to support a fact which is necessary to sustain the judgment; and in all cases references should be made to the folios of the appeal book where the evidence to support the facts stated may be found. Even when the affirmance is not unanimous, counsel should not state as established facts whatever allegations they may think are supported by the weight of evidence, provided there is some evidence which, when reasonably considered, would support the opposite view, and from the form of the decision the presumption is that the trial tribunal found accordingly.

*Stevens* v. *O'Neill,* 51 App. Div. 364, affirmed.

(Argued December 5, 1901; decided January 14, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 26, 1900, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action is stated in the opinion.

*Edward W. S. Johnston* and *Isaac Fromme* for appellant.

*Gilbert Ray Hawes* for respondent.

*Per Curiam.* This is an action for false imprisonment, in which the facts were few, simple and unchangeably settled by unanimous affirmance, yet the points presented by the learned counsel for the appellant cover one hundred and seventeen printed pages, of which more than two-thirds is devoted to quotations from the evidence and from adjudged cases. The entire law governing the subject of false imprisonment is so well settled that it could be written in fewer words than are devoted to that portion which the counsel deems applicable to this case.

Our rules require each party to " briefly state upon his printed points, in a separate form, the leading facts which he deems established, with a reference to the folios where the evidence of such facts may be found." (Rule VIII.) This necessarily excludes from every brief prepared for use in this court lengthy quotations from the evidence, particularly in a case of unanimous affirmance where the Constitution prohibits a review of the facts. The rule calls for the facts, not the evidence. Even in stating the facts deemed established, except in two classes of cases, only those facts should be mentioned which are either specifically found, or are presumed to have been found, according to the rules governing appeals to this court. The excepted cases are, *first*, where there is a reversal by the court below; *second*, where there is an affirmance, but it is not unanimous and it is claimed that there is no evidence whatever to support a fact which is necessary to sustain the judgment. In all cases, every fact stated should be fortified by a reference to the folios of the appeal book where the evidence to support it may be found, for the rule so requires, and unless it is complied with the statement is of such slight value that the judges are frequently compelled to disregard it and laboriously discover the facts for themselves by reading the entire record. This involves great labor, which in most cases might be avoided by a careful observance

of the rule. Even when the affirmance is not unanimous, counsel should not state, as established facts, whatever allegations they may think are supported by the weight of evidence, provided there is some evidence which, when reasonably considered, would support the opposite view and from the form of the decision the presumption is that the trial tribunal found accordingly.

Extended quotations from authorities have no place in the points, which, after stating the facts fairly, should set forth the positions insisted upon by counsel, the heads of the argument and the authorities relied upon to support it. When every lawyer wrote his points with a pen there was no occasion for complaint in this regard, but since the use of stenographers has become general the evil has grown until it is so serious that repression is necessary. We feel assured that these suggestions will be sufficient and that we shall not be compelled to make a hard and fast rule upon the subject and to provide for its violation by an appropriate penalty. We have been led to make these observations, not simply by this case, but by many, of which this is an example.

The judgment appealed from should be affirmed, with costs, upon the opinion below.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Judgment affirmed.