MORRIS EPSTEIN, Appellant, v. ISIDOR ABRAMS and Others, Defendants, and SAMUËL LEVINE, Respondent.— Motion denied, with ten dollars costs. Present — Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ.

In the Matter of the Claim of PAUL BASSETT, Respondent, against BURTON H. TEATOR, Employer, VAN DE BOGART & DECKER, Contractor, LONDON & LANCASHIRE INDEMNITY COMPANY OF AMERICA, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Motion denied, with ten dollars costs. Present — Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ.

In the Matter of the Claim of JAMES DUGGAN, Respondent, against BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Motion denied. Present — Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ.

THE CAMPBELL KNITTING MILL COMPANY, Appellant, v. CHEMUNG CANAL TRUST COMPANY, Respondent.— Motion denied, with ten dollars costs. Present — Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ.

In the Matter of the Claim of CARMELA CACCAVONE, Respondent, against ROCKLAND FINISHING COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion denied. Present — Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ.

In the Matter of the Claim of STANISLAW KOZORRAL, Respondent, against INTERNATIONAL PAPER COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Motion denied. Present — Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ.

---

## FOURTH DEPARTMENT, JANUARY, 1928.

PHYLIS ROEHM, Appellant, v. W. T. GRANT COMPANY, Respondent.

Appeal from an order of the Supreme Court, entered in the Onondaga county clerk's office on July 21, 1927.

PER CURIAM. The learned trial court was justified in the exercise of discretion in setting aside the verdict. The statement, however, in its opinion that " defendant's motion for a non-suit should have been granted " cannot be approved. We are of opinion that the evidence presents questions of fact which were properly submitted to the jury for determination. It was a question of fact as to whether Gilhula, the assistant manager, acted within the scope of his authority; whether he approved, encouraged, and co-operated in the acts of Rosner, and whether the plaintiff was unlawfully restrained and deprived of her liberty. (*Stevens* v. *O' Neill*, 51 App. Div. 364; affd., 169 N. Y. 375; *Dowler* v. *Johnson*, 225 id. 39; *Grant* v. *Knepper*, 245 id. 158.) Upon the motion to set aside the verdict briefs were not filed and the authorities above cited were not called to the attention of the trial court. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ. Order affirmed, with costs.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD KNOX, Appellant.— Order dismissing appeal vacated, and appellant permitted to argue the appeal not later than January eleventh. Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ.