OSCAR J. BROWN, Plaintiff, *v.* NEW YORK STATE TAX COMMISSION, Defendant.

Supreme Court, Special Term, Onondaga County, July 5, 1950.

*Nathaniel L. Goldstein, Attorney-General (John C. Crary, Jr.,* of counsel), for defendant.

*Brown, Mangin, O'Connor & Greene* for plaintiff.

KINGSLEY, J. This action is brought by plaintiff for both declaratory and injunctive relief against the defendant with respect to an assessment of additional personal income tax against the plaintiff for the year 1946. The defendant has moved to dismiss the complaint on the ground that such an action is not maintainable for the reasons that no cause of action for equitable relief by way of an injunction is made out where there is an adequate, complete and exclusive remedy at law, and that declaratory judgment may not be resorted to for review of tax assessments in the face of the exclusive statutory procedure provided by section 375 of the Tax Law.

The complaint alleges in substance: that plaintiff filed an income tax return with defendant for the year 1946 on or before

April 15, 1947, showing a taxable income of $14,346.77 on which he paid a tax of $182.29; that, with certain exceptions, a limitation has been placed upon the right of defendant by section 373 of the Tax Law to determine the tax due the State of New York from any taxpayer after the expiration of three years from the time the income tax return was made; that prior to April 15, 1950, the defendant requested plaintiff to consent that said time limitation for the determination of the tax due for the year 1946 be extended until the year 1952, which plaintiff refused to do; that thereafter plaintiff received from the defendant a " notice of additional assessment " purporting to have been made pursuant to the authority granted by section 373 of the Tax Law, which added $5,553.23 to the net income of the plaintiff as shown by the return previously filed by him, making a total of $19,900; that said additional assessment was not based on any facts, figures or information of any kind in possession of the defendant and was not made as the result of any audit or examination whatever and that by reason thereof the assessment was wholly illegal, fictitious and capricious; that there was no basis whatever for the opinion reached by defendant in arriving at the amount of the additional assessment; that the sole purpose of the same was to procure for defendant an extension of time in which to make a new determination of the taxes claimed to be due in the year 1946 as well as to examine plaintiff's books and accounts; that defendant by such illegal, arbitrary and capricious assessment seeks to compel plaintiff, after such period of limitation has expired, to present to it his records and books to show such arbitrary assessment is not correct and to place upon plaintiff the burden of proving the illegality thereof; that the right so asserted by defendant can only exist by a strained and forced construction of said section 373 of the Tax Law which has never been judicially interpreted to include the rights so claimed by the defendant; that the additional tax assessed against plaintiff carries a penalty as well as interest until paid; that defendant claims such arbitrary and capricious acts constitute a valid and lawful assessment of tax which can only be revised and reviewed in accordance with the provisions of sections 374 and 375 of the Tax Law; that plaintiff has no adequate remedy at law.

Section 373 of the Tax Law provides in part as follows:

" § 373. *Powers of tax commission.*

1. If in the opinion of the tax commission, any return of a taxpayer is in any essential respect incorrect, it shall have power to revise such return, or if any taxpayer fails to make return as

herein required, the tax commission is authorized to make an estimate of the taxable income of such taxpayer from any information in its possession, and to assess the taxes, penalties and interest due the state from such taxpayer according to such revised return or the estimate so made. * * * *Except as hereinafter provided in this subdivision, the amount of tax due under any return shall be determined by the tax commission within three years after the return was made* ''. (Emphasis supplied.)

The procedure for administrative review upon hearing of additional assessments is contained in section 374 of the same law. It states:

'' § 374. *Revision and readjustment of accounts by tax commission.*

'' If an application for revision or refund, in a form prescribed by the tax commission, be filed with it by a taxpayer within two years from the time of the filing of the return, or if the tax of such taxpayer shall have been recomputed, or if an assessment of tax shall have been made where no return was filed, then within one year from the time of such recomputation or assessment, the tax commission may grant or deny such application in whole or in part and may allow a credit or refund in the manner prescribed by subdivision four of section three hundred seventy-seven of this chapter, and shall notify the taxpayer by mail accordingly. If a demand for hearing, in a form prescribed by the tax commission, is filed with it by a taxpayer within ninety days after the date of such mailing, the tax commission shall grant a hearing thereon and if it shall be made to appear, upon any such hearing by evidence submitted to it, that any such computation or assessment includes taxes or other charges which could not have been lawfully demanded, or that payment has been illegally made or exacted of any such amount so computed or assessed, the tax commission shall revise and resettle the same according to law and the facts, and adjust the computation or assessment of taxes accordingly, and shall mail notice of its determination thereon to the taxpayer.''

Section 375 defines the procedure to review a determination of the Tax Commission as follows:

'' § 375. *Review of determination of tax commission.*

'' The determination of the tax commission after a demand for a hearing by any taxpayer, as prescribed by section three hundred seventy-four of this chapter, may be reviewed in the manner prescribed by and subject to the provisions of section one hundred ninety-nine of this chapter.

" Application to review any determination by the tax commission under this article shall be made within ninety days after the mailing of the notice of such determination. Eight days' notice shall be given to the tax commission of such application.

" Before making any such application the full amount of the taxes, interest and other charges stated in such determination must be deposited with the tax commission and an undertaking filed with the commission, in such amount and with such sureties as a justice of the supreme court shall approve, to the effect that if the proceeding is dismissed or the determination of the tax commission confirmed, the applicant will pay all costs and charges which may accrue against him in the prosecution of the proceeding, including costs of all appeals, or at the option of the applicant such undertaking may be in a sum sufficient to cover the taxes, interest and other charges, stated in such determination plus the costs and charges which may accrue against him in the prosecution of the proceeding, in which event the applicant shall not be required to pay such taxes, interest and other charges as a condition precedent to his application.

" *The remedy provided by this section for review of a determination of the tax commission shall be the exclusive remedy available to any taxpayer to judicially determine the liability of such taxpayer for taxes under this article.*" (Emphasis supplied.)

The motion having been made pursuant to rule 106 of the Rules of Civil Practice, all the allegations of the complaint are deemed admitted. (*Dun & Bradstreet, Inc.* v. *City of New York,* 276 N. Y. 198.)

The question then arises whether the defendant, by virtue of the authority vested in it by section 373, may arbitrarily make an additional assessment against a taxpayer for the sole purpose of extending the three-year statutory period within which it is required to determine the amount of tax due from the taxpayer.

It is apparent from the section that discretionary power is granted the commission to make an estimate of the taxable income of a taxpayer from any information in its possession if, in its opinion, the return filed is incorrect. In respect to this provision, it must be assumed, as alleged in the complaint, that defendant had no basis whatever for its estimate of plaintiff's taxable income except the return filed by him, which he alleges correctly reflected his income for the year involved. No doubt wide discretion should be given defendant in making an additional assessment or revising a return, but it cannot be seriously

contended that the Legislature ever intended to permit such action without any basis for so doing and for the sole purpose of procuring an extension of the commission's time in which to make a different assessment. The three-year limitation period was placed in the statute for the benefit and protection of the taxpayer and the commission should not be allowed to circumvent this provision by adopting the methods alleged in the complaint.

It follows that the action of the defendant, as above set forth, was unjustified and arbitrary as no authority was granted so to do by the section in question. Accordingly, I hold that the additional assessment against plaintiff is invalid and void. (*Matter of Donner-Hanna Coke Corp.* v. *City of Buffalo,* 212 App. Div. 338, affd. 241 N. Y. 530.)

Inasmuch as the injunctive relief sought by plaintiff is only incidental to the main relief demanded, it seems unnecessary to pass upon this phase, as there can be no doubt but that, when the law is settled, it will be obeyed.

There remains to be considered whether a declaratory judgment is a proper and appropriate remedy. The general purpose of a declaratory judgment is to quiet and stabilize uncertain or disputed jural relations either as to present or prospective obligations, and no limitation has been placed or attempted to be placed upon its use. (*Woollard* v. *Schaffer Stores Co.,* 272 N. Y. 304; *Dun & Bradstreet, Inc.* v. *City of New York,* 276 N. Y. 198, *supra; Richfield Oil Corp.* v. *City of Syracuse,* 287 N. Y. 234.)

A dispute has arisen between the parties to this action as to whether defendant had authority under section 373 to make an additional assessment against plaintiff in the manner complained of. A determination of this question is not only important to plaintiff but to every person in this State subject to an income tax. So far as known, the section has never been judicially construed in respect to the question involved. An interpretation of this section involves a question of law, the " determination of which will ' serve some practical end in quieting or stabilizing an uncertain or disputed jural relation,' the general purpose of a declaratory judgment." (*New York Operators* v. *State Liquor Authority,* 285 N. Y. 272, 277.) This remedy is applicable in cases where the meaning of a statute is in question (*Dun & Bradstreet, Inc.* v. *City of New York, supra*) and, in my opinion, applies to the case at bar unless plaintiff is relegated to the exclusive statutory procedure prescribed by section

375. Defendant's contention that the form of action adopted by plaintiff may not be resorted to in face of the exclusive procedure mentioned cannot be upheld.

In *Richfield Oil Corp.* v. *City of Syracuse* (287 N. Y. 234, 239, *supra*) the court stated: "An action for a declaratory judgment may be maintained, despite the provisions of a taxing statute which provide that the method of judicial review prescribed therein shall be exclusive, where the jurisdiction of the taxing authorities is challenged on the ground that the statute is unconstitutional or that the statute by its own terms does not apply in a given case. (*Dun & Bradstreet, Inc.* v. *City of New York,* 276 N. Y. 198.)"

The case of *Woollard* v. *Schaffer Stores Co.* (272 N. Y. 304, 311–312, *supra*) holds as follows: "We have never gone so far as to hold that, when there exists a genuine controversy requiring a judicial determination, the Supreme Court is bound, solely for the reason that another remedy is available, to refuse to exercise the power conferred by section 473 and rule 212."

The rule of collateral attack does not apply if taxing officers act entirely without jurisdiction in making an assessment and their act may be enjoined by a court of equity. (*Dun & Bradstreet, Inc.* v. *City of New York, supra; Matter of Donner-Hanna Coke Corp.,* 212 App. Div. 338, affd. 241 N. Y. 530, *supra; Elmhurst Fire Co.* v. *City of New York,* 213 N. Y. 87; *National Bank of Chemung* v. *City of Elmira,* 53 N. Y. 49.)

In a situation quite similar to that of the instant case, it was held that "Plaintiff should not be required to seek relief by an application to the defendant with whom he disagrees as to his rights under the license. In such a proceeding the defendant, with views as to plaintiff's rights, would sit in judgment in a quasi judicial capacity. The witnesses from the department would be employees of the defendant. A hearing under such conditions with the limited, if not illusory, judicial review provided by article 78, would not furnish plaintiff an adequate remedy." (*Kirn* v. *Noyes,* 262 App. Div. 581, 583–584, motion for leave to appeal denied 263 App. Div. 905.)

In any event, it is my judgment that the exclusive procedure provision does not apply unless the commission acts within the authority granted by section 373.

For the reasons stated, it is my conclusion that the complaint states a cause of action and that jurisdiction of it should be entertained in its present form.

The motion is, therefore, denied, with $10 costs to plaintiff.