■ LETTA K. BROWN, as Guardian ad Litem of VICKI BROWN, an Infant, Appellant, v. SIBLEY, LINDSAY & CURR COMPANY et al., Respondents.— Judgment affirmed, without costs of this appeal to any party. All concur, except Halpern, J., who dissents and votes for reversal and a new trial in the following memorandum: The plaintiff established a prima facie case and therefore the dismissal was improper. (*Stevens* v. *O'Neill*, 51 App. Div. 364, affd. 169 N. Y. 375; *McLoughlin* v. *New York Edison Co.*, 252 N. Y. 202, 205; 1 Harper & James, Law of Torts, p. 229; cf. *Gill* v. *Montgomery Ward & Co.*, 284 App. Div. 36.) *Blumenfeld* v. *Harris* (3 A D 2d 219, affd. 3 N Y 2d 905) upon which the trial court relied, is distinguishable on its facts. The Appellate Division said: "plaintiff, an employee of defendants, freely and voluntarily, and in the course of his regular duties entered the back room of the store in which he claims he was detained unlawfully". Furthermore, that case was tried without a jury. The trial court denied the defendant's motion to dismiss as a matter of law at the close of the case. The issue of imprisonment was decided by the trial court as a question of fact in favor of the plaintiff; the trial court's findings were reversed and the issue was decided as a question of fact in favor of the defendants by the Appellate Division and new findings were accordingly made. (Appeal from judgment of Monroe County Court dismissing the complaint at the close of plaintiff's case in an action (1) for damages for alleged false imprisonment and (2) to recover money alleged to have been paid to defendants by plaintiff under duress.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE THOMPSON, Appellant.— Order of September 16, 1958, unanimously reversed and matter remitted to Onondaga County Court for a hearing. Memorandum: The prior *coram nobis* decision was based upon the alleged failure to advise the defendant of his right to counsel. This proceeding is addressed to the same problem but is based upon a new state of facts and a new contention. Here the claim is made that the defendant was a mentally defective person and that the Trial Judge knew of the psychiatric report to that effect at the time of arraignment but took no steps to assign him counsel nor to take any other steps under those conditions to protect his rights. The failure under the circumstances alleged amounted to a deprivation of due process, and a hearing must be held to determine this question. (Appeal from order of Onondaga County Court dated September 16, 1958, denying defendant's motion for writs of error *coram nobis*, to vacate judgment of conviction of October 24, 1934.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.