Jasen, J.
On this appeal the principal issue is whether a taxpayer may challenge, by means of an action for declaratory judgment, an assessment made by the State Tax Commission, even though he has not first pursued the administrative review prescribed by statute. We conclude that since the taxpayer here failed to exhaust his administrative remedies, he may not challenge the assessments through this procedural vehicle.
The Tax Commission, utilizing information obtained from Federal audit reports, determined that the appellant had filed no income tax returns for the years 1944-1949. On the basis of this information, the commission estimated his income for those years and made appropriate assessments of the unpaid taxes, together with penalties and interest. Section 373 of the Tax Law specifically empowers the Tax Commission to make this type of assessment, and where no return has been filed, provides that the assessment may be made "at any time”. (Tax Law, § 373, subd 1.)
Where an assessment has been made in a case where no return was filed, section 374 of the Tax Law grants the taxpayer one year from the date of notification to apply for administrative review of the assessment. The notice of assessment carries a reminder of this one-year period of limitations. Section 375 of the Tax Law provides that, after exhausting his administrative remedies pursuant to section 374, a taxpayer may seek further review pursuant to CPLR article 78. This same section provides that this is the exclusive remedy available to any taxpayer.
Rather than pursue these administrative remedies, the appellant herein chose instead to commence this action in which he sought a judgment declaring, inter alia, that the assessments and the notices of assessments were "illegal, void and of no force or effect”. His failure to first pursue his administrative remedies is, of course, fatal to his claim. *4 (Young Men’s Christian Assn. v Rochester Pure Waters Dist., 37 NY2d 371.) To be sure, a tax assessment may be reviewed in a manner other than that provided by statute where the constitutionality of the statute is challenged or a claim is made that the statute by its own terms does not apply (Matter of First Nat. City Bank v City of New York, 36 NY2d 87, 92-93; Richfield Oil Corp. v City of Syracuse, 287 NY 234, 239) and where the assessment is wholly fictitious and is made without any factual basis solely to extend a period of limitations (Brown v New York State Tax Comm., 199 Misc 349, 353-354, affd 279 App Div 837, affd 304 NY 651). Since this is not such a case, the appellant was therefore bound by section 375 of the Tax Law (Peters v State Tax Comm., 18 AD2d 886, affd 13 NY2d 1148).
In addition to considering the merits of this appeal, we feel that this case presents an appropriate opportunity to comment on a matter that concerns us greatly, namely, the quality, length and content of briefs presented to this court. Although this is an extreme example, unfortunately it is not always the rare case in which we receive poorly written and excessively long briefs, replete with burdensome, irrelevant, and immaterial matter. Although counsel candidly admits that his 284-page brief is "unusually long”, his claim that it is "meticulously structured, thoroughly documented, exhaustively researched, carefully analyzed and comprehensively presented” seems too self-congratulatory. His argument wanders aimlessly through myriad irrelevant matters of administrative and constitutional law, pausing only briefly to discuss the issues raised by this appeal.* The brief pursues, in seemingly endless fashion, matters not properly before this court for the simple reason that they were not raised below. (See, e.g., Flagg v Nichols, 307 NY 96, 99.) This is in contrast to the brief filed on behalf of the Tax Commission which, even *5 though consisting of only 21 pages (including preliminary material in addition to a 14-page argument on the merits), cogently and concisely discusses all of the issues presented in this relatively uncomplicated appeal.
We are fully cognizant of the fact that the Federal appellate courts, faced with this same problem, have imposed a specific page limitation on briefs (Federal Rules of Appellate Procedure, rule 28, subd [g]) and that the United States Supreme Court, by rule, requires that briefs be "compact” and "concise” (United States Supreme Court Rules, rule 40, subd 5) and does, when appropriate, order that improper briefs be stricken (Huffman v Pursue, Ltd., 419 US 892). Nevertheless, we have avoided a specific rule in the belief that such a rule would be an insult to those appellate counsel who understand the functions of this court and their own role in pursuing appeals to this court, and whose briefs focus on the pertinent issues. Rather than now prescribe such a rule, we prefer to merely point out the problem, fully confident that counsel appearing before us will impose upon themselves a modicum of self-restraint.
We speak now on this matter only with some hesitancy lest counsel in the future be discouraged from vigorously and comprehensively urging their cases and, where appropriate, suggesting novel approaches to complex legal issues. However, in recent years we have witnessed great technological advances in the methods of reproduction of the written word. Too often this progress is merely viewed as a license to substitute volume for logic in an apparent attempt to overwhelm the courts, as though quantity, and not quality, was the virtue to be extolled. As we noted many years ago, for obvious reasons this problem never arose when "every lawyer wrote his points with a pen” (Stevens v O’Neill, 169 NY 375, 377). Hopefully, the solution to this problem will not require that we return to that system, ignoring decades of technological advances.
The issues presented upon this appeal are neither novel nor complex; the brief and reply brief filed by counsel constitute an unwarranted burden upon this court. These briefs neither assist our deliberations nor serve the best interests of his client. Although recognizing this to be a wholly inadequate sanction, at a minimum, costs should be imposed against the appellant. (CPLR 5528, subd [e].)
*6 Accordingly, we would affirm the order of the Appellate Division, with costs.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.

 The following breakdown of the contents of appellant’s brief exemplifies the problem: statement of questions presented, 16 pages; statement of the nature of the case and facts, 50 pages; legal argument in support of contention that appellant has an appeal as of right, 23 pages (this despite the fact that he clearly has an appeal as of right pursuant to CPLR 5601 [subd (a)], by virtue of the dissent below in his favor on a question of law); reproduction of statutes, 40 pages; table of contents, 14 pages; table of authorities, 11 pages; legal argument on the merits, 126 pages; and a purported explanation as to length of his brief, 4 pages. Concerned that his main brief may not have adequately ventilated the issues, the appellant also filed a 35-page reply brief. All of this, of course, in addition to a separate record on appeal which has been filed.