Lyman H. Smith, J.
Plaintiff, Finger Lakes Racing Association, Inc. ("FLRA”) renews its original motion for summary judgment on an underlying action for an accounting and for moneys due from defendant Western Regional Off-Track Betting Corporation (“WROTE”) under the distribution formulae set forth in section 125 of New York’s Off-Track Pari-Mutuel Betting Law. (L 1973, ch 346, § 4, as amd.)
By memorandum decision, dated August 25, 1975 (see, Finger Lakes Racing Assn. v Western Regional Off-Track Betting Corp., 83 Misc 2d 761), this court granted plaintiffs original request for summary judgment, holding that the fair intendment of the Legislature in providing for the distribution of offtrack betting moneys to “regional tracks” could be ascertained by a reading of the statutory distribution tables set forth in section 125. In doing so, this court denied WROTB’s cross motion for an order dismissing the action. WROTB’s cross motion prayed (inter alia) that plaintiff be required to first exhaust administrative remedies by allowing the administrative agency, heretofore ordained with the authority to regulate and administer the State’s racing and betting industry, i.e., the New York State Racing and Wagering Board (“SRWB”), to pronounce its interpretation of section 125 by way of administrative rules and regulations.
While a draft of such proposed rules and regulations had been issued by the SRWB one week prior to the commencement of this action in March, 1975, such rules and regulations had not become effective on the date that this court granted permission for the SRWB, and other interested parties, to intervene in this action. (See memorandum decision of this court, dated Dec 6, 1975.) In fact, the proposed rules and regulations of the SRWB were not effective on the date oral arguments were heard on the present motion, although this court has been apprised that such rules and regulations (9 NYCRR Part 5211) were filed with the Department of State on March 10, 1976, with an effective date of April 30, 1976.
In issuing its original decision, judicially interpreting the statutory formulae set forth in section 125 as they pertained to the issues raised in plaintiffs underlying action, this court recognized the vast authority of the SRWB to regulate and *618 oversee horse racing and pari-mutuel betting activities in New York State. Also recognized, however, was the lack of jurisdiction or power on the part of the SRWB to originate or establish administrative distribution formulae differing from those contained in the statute. This basic tenet of the legislative scheme bears repeating. (1 NY Jur, Administrative Law, §63.)
Defendants’ fear that this court might usurp the proper function and role of the SRWB in regulating the off-track betting program in this State is not without foundation. Indeed, the authorities posited by defendants for the principle that considerable weight should be given an administrative agency’s interpretation of a statute, which it is charged with administering, are impressive and not lightly regarded by this court.
In fact, having reviewed the proposed rules and regulations submitted by the SRWB, soon to become effective, it is not difficult to appreciate the need for administrative rules to supplement and expand on the many intricate details to be taken under consideration in making this highly complex activity function for the public benefit.
In addition, this court supports and accepts the well-recognized concept forbidding judicial review of administrative decisions until a final determination has been made (CPLR 7801, subd 1), and further, adheres to the principle that where and when review is appropriate, judicial disturbance of administrative determinations should be restricted to determinations that are clearly arbitrary and capricious.
However, for the reasons noted hereafter, this court is of the view that the principles dictating the forbearance of judicial involvement in the instant matter until final administrative action has been taken, as argued by defendants, are not applicable.
Conceding legislative wisdom in the establishment of an agency to administer the off-track betting activities in this State, the directive by such agency, to WROTE, to withhold from plaintiff its share of 1974 betting moneys under the existing statutory distribution formulae (until rules and regulations could become effective in 1976) cannot now form the basis of a challenge to plaintiff’s 1975 action for moneys then due and owing. This directive was an obvious afterthought. It rested on the illogical theory that plaintiff must await future administrative action (rules and regulations) not then in esse *619 and then exhaust whatever administrative remedies might then (in futuro) be available. Until their effective date, such proposed rules and regulations, which by constitutional mandate and statutory enactment could only follow proper filing with the Department of State and publication thereafter (see, NY Const, art IV, § 8; Executive Law, § 102; also, see, Whiting v Marine Midland Bank — Western, 80 Mise 2d 871) could not and do not now have the force and effect of law.
The exhaustion of administrative remedies doctrine is rooted in the concept that courts should not interfere until the administrative mechanisms for review result in a final administrative determination. But such a concept is not an open-ended invitation for the administrative agency to withhold its final determination indefinitely, or to plot its course (of rules and regulations) in an unknown and future time.
However strenuously defendants have sought to have this court recognize and adopt the provisions of the SRWB’s proposed administrative rules and regulations, yet to become effective, the issue here is much narrower: plaintiff seeks payment of its share of 1974 betting moneys pursuant to the distribution tables set forth in section 125 of the Off-Track Pari-Mutuel Betting Law (L 1973, ch 346, §4, as amd). This court is of the opinion that section 125 can be interpreted to fairly and equitably resolve the question of plaintiff’s share of betting moneys, as requested in its underlying motion, in accordance with the intent of the Legislature as expressed in the statute itself. Whatever changes are proposed in the SRWB rules and regulations, such are not applicable to moneys bet in 1974. Thus, unlike the situation present in Suffolk Off-Track Betting Corp. v New York State Racing & Wagering Bd. (NYLJ, Dec 3, 1975, p 11, col 3) cited by defendants, there are no administrative rules in existence to which this court may extend its presumption of validity for the year 1974. Also, unlike the situation presented in Slater v Gallman (38 NY2d 1), also cited by defendants, there is not available to the plaintiff a statutorily prescribed procedure for the administrative review of any final administrative determination here.
For the reasons expressed in the memorandum decision of this, court, dated August 25, 1975 (83 Mise 2d 761, supra), plaintiff’s motion for summary judgment is granted as specifically set forth therein. The cross motions on behalf of defendants for dismissal of the underlying action are denied. Moneys are to be distributed to plaintiff in accordance with the *620 August 25, 1975 decision of this court and the release of defendant WROTE contained therein is reaffirmed.