■ In the Matter of Top Tile Building Supply Corporation et al., Appellants, v New York State Tax Commission et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Klein, J.), entered January 30, 1984 in Albany County, which, in a proceeding pursuant to CPLR article 78, converted petitioners' application into an action for declaratory judgment and dismissed all of the amended petition except that portion which sought to challenge the constitutionality of certain warrants issued for sales and use taxes.

Petitioners Top Tile Building Supply Corporation and Top Carpet Corporation were domestic corporations having some community of interest by common management or otherwise. They are copetitioners taking a common position on each issue presented herein. The controversy began in 1973 when the Department of Taxation and Finance issued notices of determination and demand for payment of sales and use taxes to both corporations, which protested the assessments. In due course, the determinations were modified, but not to the satisfaction of petitioners. Consequently, petitioners requested a hearing which, after adjournments at the request of petitioners' attorney, was commenced on October 23, 1979 and concluded on

---

February 1, 1980. By decision dated October 31, 1981, the State Tax Commission granted part of petitioners' demanded relief but sustained the Department's contention that additional sales and use taxes were due.

Petitioners then commenced a CPLR article 78 proceeding for judicial review of the final determination by the Tax Commission, Special Term dismissed the petition because of petitioners' failure to file a bond for the amount of the tax determined to be due, together with penalty and interest, as required by section 1138 of the Tax Law. This court affirmed the dismissal (94 AD2d 885) and the Court of Appeals dismissed the appeal taken to that court (60 NY2d 653).

However, the instant appeal is not concerned with that article 78 proceeding. It is an appeal from the determination of a prior article 78 proceeding in which a decision was handed down in March, 1980, but the order was not entered until 1984. On January 30, 1980, after the evidentiary hearing before the Tax Commission had begun and two days before it was concluded, petitioners commenced their first article 78 proceeding. This proceeding contested the methods by which the Department's Sales Tax Bureau had determined the amount of tax due. Particularly, petitioners contested the method which constituted the basis for the Department's original determinations, which petitioners contend was fictitious. Generally speaking, the application was in the nature of prohibition to enjoin the collection of any tax in accordance with the Department's determination and without regard to any final determination made by the Tax Commission. The petition also sought a determination that subdivision (b) of section 1141 of the Tax Law be declared unconstitutional.

Special Term, after converting the proceeding to an action for declaratory judgment, dismissed the petition in all respects except for the allegation of unconstitutionality of the statutory provision. No appeal is taken from that portion of the order.

Special Term found as fact that all other issues raised by the pleadings had been raised at the review hearing. The record is not clear in this respect but it is certain that they could have been raised. Dismissal was because of petitioners' failure to exhaust their administrative remedies required by sections 1138 and 1140 of the Tax Law (*Richfield Oil Corp. v City of Syracuse,* 287 NY 234, 239; *Matter of Fairbank Farms v Kasza,* 69 AD2d 1001, affd 49 NY2d 898; *Matter of Hospital Tel. Systems v New York State Tax Comm.,* 41 AD2d 576). In essence, Special Term concluded that the instant article 78 petition was premature and that the proper procedure was to await the final

determination of the Tax Commission before seeking judicial review.*

By this appeal, petitioners once again seek to argue the merits of their positions. However, the merits are not before us. The decision of Special Term was made entirely upon jurisdictional and procedural grounds. We consider the merits only as they pertain to possible jurisdictional infirmities.

Relying upon *Slater v Gallman* (38 NY2d 1) and *Brown v New York State Tax Comm.* (199 Misc 349, 353-354, affd 279 App Div 837, affd 304 NY 651), petitioners contend that sections 1138 and 1140 of the Tax Law do not constitute an exclusive remedy where the assessment is wholly fictitious and is made without any factual basis, solely to extend a period of limitations. The record completely negates any contention that the assessments were made for such a purpose. Petitioners executed consents for an extension of the Statute of Limitations to December 24, 1974, which were received by the Tax Commission on November 5, 1973. The notices of determination were issued November 8, 1973 and November 20, 1973, at a time when more than a year of the statute, as extended, remained unexpired. No reason existed for a determination that petitioners were entitled to any remedy other than that established by statute (*Slater v Gallman, supra*).

Judgment affirmed, with costs. Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

Mahoney, P. J., concurs in part and dissents in part in the following memorandum. Mahoney, P. J. (concurring in part and dissenting in part). My only disagreement with the majority concerns the portion of the amended petition which challenged the notices of determination and demands for payment as fictitious. Petitioners contend that two notices issued in November, 1973 were wholly fictitious and were made without any factual basis solely to extend the Statute of Limitations. Such a contention could certainly be advanced by way of a declaratory judgment action (*Slater v Gallman,* 38 NY2d 1). Upon respondents' motion to dismiss, all of the allegations of the petition must be deemed true and petitioners are entitled to the benefit of all favorable inferences which may be drawn from the petition (see *Underpinning & Foundation Constructors v Chase Manhattan Bank,* 46 NY2d 459, 462). Here, petitioners allege that the two notices at issue were patently arbitrary and were not based on any "external indices" (Tax Law, § 1138, subd [a], par [1]). Petitioners point to the delay involved and allege that these notices were issued simply to extend the Statute of Limitations.

---

* Ultimately that procedure was used as hereinbefore described.

Respondents admit that the notices were estimated and they do not argue that they were based on any external indices. They contend that estimates were necessary because petitioners delayed turning over their books and records to the audit division. Respondents also allege that petitioners executed consents to extension of the Statute of Limitations. However, petitioners counter that the delay was attributable to respondents and that the consents were coerced out of them by way of threats of additional tax assessments. It is apparent from these allegations and counterallegations that questions of fact exist which preclude dismissal of petitioners' challenge to the two November, 1973 notices as fictitious at this stage of the proceeding.