OPINION OF THE COURT
Lawrence E. Kahn, J.
In the above-captioned action for a declaratory judgment, plaintiffs seek a declaration that there is no liability for sales and use taxes due on fees earned by Hooper Holmes, Inc. (Hooper), to Allstate Insurance Company (Allstate), for copies of certain motor vehicle records.
*301 The facts necessary for a resolution of the issues raised are not in dispute. Hooper is a corporation whose principal function, for purposes of this litigation, is obtaining “MVRs” in response to specific requests therefor from companies such as Allstate. An MVR is a report compiled by the Department of Motor Vehicles (Department), pursuant to Vehicle and Traffic Law § 354, which contains an individual’s personal driving record, such as accidents, convictions, date of birth, sex, expiration of driver’s license, etc. These reports are utilized by insurance companies in processing individual applications for motor vehicle insurance. Hooper’s task is accomplished in some instances by use of magnetic tapes which contain the individual MVR information. This information is subsequently transferred from the tapes to “hard copy” for delivery to the company who had made the request therefor. At its Albany office, Hooper receives “hard copy” directly from the Department for redelivery to its respective customers. Specifically at issue herein is whether, pursuant to Tax Law § 1105 (c) (1), Allstate’s obtaining of MVRs from Hooper constitutes a taxable event.
The applicable law imposes a tax on the receipts from all sales of “[t]he furnishing of information by printed, mimeographed or multigraphed matter or by duplicating written or printed matter in any other manner, including the services of collecting, compiling or analyzing information of any kind or nature and furnishing reports thereof to other persons, but excluding the furnishing of information which is personal or individual in nature, and which is not or may not be substantially incorporated in reports furnished to other persons, and excluding the services of advertising or other agents, or other persons acting in a representative capacity, and information services used by newspapers, radio broadcasters and television broadcasters in the collection and dissemination of news.” This statute, first applicable on June 1, 1971, is designed to tax “information services”. Indeed, the defendant’s own regulation (20 NYCRR 527.3) is entitled “sale of information services.” It provides that an information service includes collecting, compiling or analyzing information of any kind or nature and the furnishing of reports thereof to other persons (20 NYCRR 527.3 [a] [2]). It “is aimed at information supplied by businesses whose primary function is to collect and disseminate information.” (Matter of New York Life Ins. Co. v State Tax Commn., 80 AD2d 675,677.) Allstate asserts that Hooper is a delivery service, not an information service, as such terms are envisioned by the enabling legislation. It further asserts that even if Hooper is determined to be an information service, it falls within the exclusion for the *302 furnishing of information of a personal nature which is not substantially incorporated in reports furnished to other persons. Finally, it asserts an agency exemption.
Defendant has cross-moved for summary judgment dismissing the complaint upon the grounds that plaintiffs have either failed to exhaust their administrative remedies, or that this action is not appropriate for declaratory relief. They assert that plaintiffs are liable for sales taxes pursuant to either Tax Law § 1105 (a), the sale of tangible personal property, or pursuant to section 1105 (c) (1), a sale of information services.
The court would be inclined to find that the exemption for the furnishing of information of a personal or individual nature not incorporated in reports furnished to others is applicable under the facts of this case (Matter of New York Life Ins., supra). However, it need not reach this issue because under the unequivocable facts herein, Hooper is not operating as an information service, nor is it engaged in the sale of tangible personal property.
Initially, a finding that Hooper engages in the collection or compilation of information would stretch the generally accepted meaning of those words to their breaking point. These functions are clearly performed by the Department of Motor Vehicles itself, which assembles the information pursuant to the mandate of Vehicle and Traffic Law § 354. After the Department has completed its compilation of this statistical information, it assembles a report for dissemination to the public-at-large. Allstate would pay no tax if it picked up the report directly from the Department (Tax Law § 1116 [a] [1]). This court can perceive no persuasive difference if Allstate merely arranges for this activity to be performed by someone else. It has not purchased any document created by Hooper. Clearly, it has paid a fee for delivery of a document prepared by the Department of Motor Vehicles.
Defendant’s own regulations are instructive on the issues raised hereby. They illustrate that the intent of the statute is to tax such services as periodically bound volumes which compile current advertising rates, listings of prospective customers, letters which relate stock market information and the like. All of these services gather specific factual data from diverse sources and assemble and/or analyze the information so obtained. None of this activity may be ascribed to the actions of Hooper.
Defendant’s assertion that plaintiffs have not exhausted their administrative remedies, or alternatively, that this litigation is not appropriate for declaratory relief are both without *303 merit. It is true that Tax Law § 1138 sets forth the statutory procedure for review of a determination of the commission. This is the exclusive remedy for review of an assessment which has been imposed pursuant to article 28 (Tax Law § 1140). However, there are certain established exceptions to this general rule, one being where the statute pursuant to which tax liability has been imposed is alleged to be inapplicable to the specific purportedly taxable activity (Slater v Gallman, 38 NY2d 1). That is precisely the issue which plaintiffs seek to litigate, and as such, their failure to exhaust administrative remedies is not a bar to the proceeding. This is particularly true of Allstate, whose liability is independent of Hooper. Further, it is apparent that this litigation is particularly appropriate for declaratory relief in that substantial delay will most likely result if plaintiffs were required to forego access to the courts, pending completion of an administrative hearing when defendant acknowledges that it has already determined that the activities complained of are subject to the sales tax.
Finally, the court finds no merit in defendant’s belated assertion that the transfer of the MVRs from magnetic tape to “hard copy” constitutes the sale of tangible personal property (Tax Law § 1105 [a]). Such a distinction would allocate form over substance without rationale or distinction. Avoidance of the tax would merely necessitate additional work for the Department. Indeed, the MVRs furnished to Hooper’s Albany office, as aforesaid, do constitute “hard copy” directly from the Department. Technological innovation is not a proper basis upon which to determine the applicability of the statute. Insurance companies, such as Allstate, are certainly not paying for the paper upon which the information is placed. Rather, they are paying a fee for delivery of an MVR which contains information which has been collected and compiled by the Department.
Plaintiffs’ motion for summary judgment shall be granted. Defendant’s motion for summary judgment shall be denied. Plaintiffs shall be entitled to a declaration that delivery of New York State motor vehicle reports, at Allstate’s specific request, does not constitute the sale of tangible personal property or the purchase of an information service subject to tax under either Tax Law § 1105 (a) or (c) (1).