■ NORTHVILLE INDUSTRIES CORP., Respondent, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Appellants.—In an action for a judgment declaring Tax Law former § 182-a inapplicable to the plaintiff and seeking a permanent

injunction restraining the defendants from enforcing an assessment of taxes pursuant to Tax Law former § 182-a, the defendants appeal from an order of the Supreme Court, Suffolk County (Brown, J.), entered May 29, 1986, which denied their motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The record reveals that the plaintiff received a notice of deficiency for failure to make payments under Tax Law former § 182-a for the years 1982 and 1983. The plaintiff then commenced an action for a judgment declaring that Tax Law former § 182-a did not apply to it because the plaintiff was not an "oil company" for purposes of the statute. The plaintiff also sought to enjoin the defendants from assessing any taxes pursuant to Tax Law former § 182-a for the years 1982 and 1983. The defendants brought a motion to dismiss the complaint on the ground that the plaintiff failed to exhaust its available administrative remedies.

We find that Special Term properly denied the defendants' motion to dismiss the complaint. "To be sure, a tax assessment may be reviewed in a manner other than that provided by statute where the constitutionality of the statute is challenged or a claim is made that the statute by its own terms does not apply" (*Slater v Gallman,* 38 NY2d 1, 4, *rearg denied* 39 NY2d 832). Here, the plaintiff has raised both constitutional and jurisdictional challenges to the application of Tax Law former § 182-a and therefore was not required to exhaust available administrative remedies before commencing suit. Mangano, J. P., Eiber, Kunzeman and Harwood, JJ., concur.